[Cite as *State v. Fowler*, 2022-Ohio-3499.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
OTTAWA COUNTY

State of Ohio                                        Court of Appeals No.  OT-21-031

    Appellee                                        Trial Court No.  2020CRI007

v.

Andru Fowler                                        **<u>DECISION AND JUDGMENT</u>**

    Appellant                                       Decided:  September 30, 2022

* * * * *

James J. VanEerten, Ottawa County Prosecuting Attorney, and
Thomas A. Matuszak, Assistant Prosecuting Attorney, for appellee.

Michael H. Stahl, for appellant.

* * * * *

**MAYLE, J.**

{¶ 1} Appellant, Andru Fowler, appeals the October 11, 2021 judgment of the

Ottawa County Court of Common Pleas sentencing him to 18 months in prison on a

conviction of vehicular homicide.  For the following reasons, we reverse.

## I.      Background and Facts

{¶ 2} In July 2019, Fowler was involved in a motorcycle crash that killed D.S. and resulted in the amputation of Fowler's arm.  As a result, he was indicted on one count of aggravated vehicular homicide in violation of R.C. 2903.06(A)(2)(a), a third-degree felony.

{¶ 3} Fowler and the state reached a plea agreement that allowed Fowler to plead no contest to a reduced charge of vehicular homicide in violation of R.C. 2903.06(A)(3)(a), a fourth-degree felony.[1]  The trial court found him guilty.[2]

{¶ 4} At Fowler's sentencing hearing, the prosecutor described Fowler's case as "a very serious case, perhaps one of the most serious we have handled."  The state noted that Fowler "took a life.  And although he wants or may want to claim that it was an accident, it was clearly a preventable accident.  It is the State's position that it wasn't an accident, that it was reckless, that his operation of the motorcycle was reckless."  In support of this contention, the state submitted an affidavit from a registered nurse who saw Fowler driving his motorcycle shortly before the crash, heard the crash, and helped tend to D.S. and Fowler after the crash, but who did not witness the crash itself.  The state also noted that Fowler made "insensitive" posts to social media following the accident, which

---

[1] R.C. 2903.06(A)(3)(a) provides that "[n]o person, while operating or participating in the operation of a * * * motorcycle,* * * shall cause the death of another * * * in any of the following ways: * * * [n]egligently[.]"

[2] The transcript of the plea hearing is not in the record, so any factual information about the accident that the state presented at the time Fowler pleaded no contest is not before us.

2.

showed that he lacked "significant remorse." The state asked the court to impose the maximum sentence of 18 months in prison.

{¶ 5} Fowler's attorney acknowledged the terrible tragedy and loss that D.S.'s family had suffered, but argued that, although Fowler had done "some things wrong, for sure[,]" in the end, "[i]t was an accident[,]" and the court should take into account that Fowler was a young man who did not "use great judgment * * *." He argued that Fowler was a hard worker who had found a job and was impressing his new employer, despite his new physical limitations. He also told the court that Fowler would always have to live with the fact that he had caused D.S.'s death and with the loss of his arm, and said that Fowler was "absolutely apologetic for what occurred." He asked that Fowler receive less than the maximum prison sentence.

{¶ 6} When it was his turn to speak, Fowler apologized to D.S.'s family and said that "[t]here ain't a day that goes by that I don't think about you guys and if there was something I could have done anything different, I would have. I really am sorry."

{¶ 7} The court also heard statements from D.S.'s wife, son, daughter, and father before imposing its sentence.

{¶ 8} After considering the statements and reviewing the affidavit, the trial court reviewed the factors in R.C. 2929.11 and 2929.12. The court concluded that "[t]he more likely recidivism factors do not outweigh the less likely factors. The more serious factors outweigh the less serious factors." The court also found under R.C. 2929.13 that Fowler was not amenable to community control.

3.

**{¶ 9}** While reviewing the circumstances of the case, the court said,

A couple of things I think are worth noting, and that is that Mr. Fowler says that the offense that was committed was not anything more than "A complete accident. I would not do such thing purposely." Again, I believe the factor that it was a complete accident should be taken into consideration. It is my view that this was an accident that was certainly not only preventable, but predictable that this would happen.

I live very close to where this accident occurred, right across the river. I was not home at the time of this accident, but my wife was and said that she could hear your motorcycle leaving town and knew by the pitch of the engine and how quickly it was moving up the road that there would be an accident. She knew that from a half a mile, a mile away, so it was predictable not only, it was probable.

After making a couple of additional statements about the circumstances, and without giving Fowler or his attorney an opportunity to respond to the judge's comments about his wife's observations from the night of the accident, the trial court sentenced Fowler to 18 months in prison.

**{¶ 10}** Fowler now appeals his conviction, raising two assignments of error:

I. The maximum sentence imposed in this case was contrary to law[.]

II. Article IV, Sect. 3(B)(2) of the Ohio Constitution provides jurisdiction for this Court to review, remand, or modify criminal sentences which are contrary to any law and Art. I Sect. 16 of the Ohio Constitution guarantees due process and justice in the courts, neither permit removing trial court decisions from appellate review [sic].

## II.   Law and Analysis

### A. Fowler's sentence is contrary to law.

{¶ 11} In his first assignment of error, Fowler argues that his sentence is contrary to law because the trial court relied on facts that the trial judge learned from a source outside of the facts presented in the case—i.e., from his wife—in reaching its sentencing decision, and sentenced him as if he had been convicted of vehicular homicide based on reckless—rather than negligent—operation of a motor vehicle.  He also urges us to reexamine our review of felony sentences under R.C. 2953.08(G) following *State v. Jones*, 163 Ohio St.3d 242, 2020-Ohio-6729, 169 N.E.3d 649, and to apply an abuse-of-discretion standard of review to the trial court's decision once we have determined that a sentence is clearly and convincingly contrary to law.  In that vein, he contends that the trial court's sentencing decision was an abuse of discretion because the judge should have disqualified himself pursuant to Jud.Cond.R. 2.11, and his failure to do so prejudiced Fowler, and because the court relied on uncharged conduct to impose a more severe sentence.

5.

**{¶ 12}** The state responds that (1) we cannot conduct an independent review to determine if the trial court properly applied the factors in R.C. 2929.11 and 2929.12; (2) Fowler's sentence is not contrary to law because it is within the statutory range; (3) Fowler did not submit the full trial court record, which includes transcripts from the plea hearing and a hearing on a motion in limine, so this court "does not have a complete record before it that is otherwise necessary to determine what facts the trial court based its finding of guilt and, ultimately, its sentence * * *" on, and must presume the regularity of the proceedings below; (4) Fowler cannot raise a claim of judicial bias on direct appeal; and (5) even if judicial bias were properly raised on direct appeal, Fowler did not object in the trial court, so he has forfeited all but plain-error review of the issue.

**{¶ 13}** We review challenges to felony sentencing under R.C. 2953.08(G)(2), which allows us to increase, reduce, or modify a sentence, or vacate the sentence and remand the case for resentencing, only if we clearly and convincingly find either (1) that the record does not support the trial court's findings under certain statutory sections not applicable here, or (2) "the sentence is otherwise contrary to law." R.C. 2953.02(G)(2)(a)-(b). Although we have repeatedly recognized that "[a] sentence is not clearly and convincingly contrary to law where the trial court has considered the purposes and principles of sentencing under R.C. 2929.11 and the seriousness and recidivism factors under R.C. 2929.12, properly applied postrelease control, and imposed a sentence within the statutory range[,]" *State v. Gipson*, 6th Dist. Ottawa Nos. OT-21-001, OT-21-002, and OT-21-003, 2022-Ohio-2069, ¶ 25, citing *State v. Tammerine*, 6th Dist. Lucas

6.

No. L-13-1081, 2014-Ohio-425, ¶ 15-16; and *State v. Kalish*, 120 Ohio St.3d 23, 2008-Ohio-4912, 896 N.E.2d 124, this does not mean that a sentence cannot be "otherwise contrary to law" for other reasons.  Indeed, as the Ohio Supreme Court recently recognized, the phrase "otherwise contrary to law" simply means "'in violation of statute or legal regulations at a given time.'"  *State v. Bryant*, Slip Opinion No. 2022-Ohio-1878, ¶ 22, quoting *Jones* at ¶ 34.  In *Bryant*, for example, the Supreme Court determined that a sentence was "contrary to law" because it was "improperly imposed based on impermissible considerations—i.e., considerations that fall outside those that are contained in R.C. 2929.11 and 2929.12."  *Id.*

{¶ 14} In this case, after careful review, we agree that Fowler's sentence is clearly and convincingly contrary to law for several reasons.

{¶ 15} First, Fowler's sentence is "contrary to law" because the trial court relied on information from a source outside of those authorized by R.C. 2929.19(B)(1)(a), which requires a sentencing court to consider the record in the case, any presentence investigation report, any victim impact statement, and "any information presented at the [sentencing] hearing by any person * * *."  A sentencing court may only consider information that is properly before it at the sentencing hearing and cannot consider information from outside of the record.  *State v. McManus*, 8th Dist. Cuyahoga No. 101922, 2015-Ohio-2393, ¶ 31, citing *State v. Ford,* 3d Dist. Union No. 14-10-07, 2010-Ohio-4069; and *State v. Bayliff,* 3d Dist. Auglaize No. 2-10-08, 2010-Ohio-3944; *see also* *State v. Hale*, 2014-Ohio-262, 7 N.E.3d 643, ¶ 30 (3d Dist.) (Rogers, J., concurring in

7.

part) (Citing cases to support the proposition that "the trial court must only consider what is properly on the record at sentencing, and cannot rely on information outside of the record."). By using information outside of the record to sentence Fowler, the trial court left Fowler and his attorney without the ability to prepare a response to the observations that the judge's wife made about the accident. R.C. 2929.19(B)(1)(a) exists, at least in part, to help prevent this type of unfair surprise.

{¶ 16} Second, the trial court violated Fowler's right of allocution by sentencing him without giving him or his attorney an opportunity to respond to the new information that the trial judge introduced at sentencing. Under Crim.R. 32(A)(1), at the time of sentencing, the court shall "[a]fford counsel an opportunity to speak on behalf of the defendant and address the defendant personally and ask if he or she wishes to make a statement in his or her own behalf or present any information in mitigation of punishment." A defendant has an absolute right of allocution because "[a] Crim.R. 32 inquiry is much more than an empty ritual: it represents a defendant's last opportunity to plead his case or express remorse." *State v. Green*, 90 Ohio St.3d 352, 359-360, 738 N.E.2d 1208 (2000). Inherent in the right of allocution is "the opportunity for the defendant to address the court directly on his own behalf *after* all the information on which the sentencing court relies when pronouncing sentence has been presented." (Emphasis sic.) *State v. Brown*, 166 Ohio App.3d 252, 2006-Ohio-1796, 850 N.E.2d 116, ¶ 13 (11th Dist.).

8.

{¶ 17} A trial court can violate a defendant's right of allocution if it does not allow the defendant to respond after new information is introduced and considered by the court at the sentencing hearing. *State v. Yates*, 195 Ohio App.3d 33, 2011-Ohio-3619, 958 N.E.2d 640, ¶ 21 (2d Dist.). When the court (as opposed to the state or a third party) introduces the new information, there is a higher likelihood that the court actually considered the new information in arriving at its sentence, and, consequently, a higher likelihood of prejudice to the defendant. *See State v. Gutierrez*, 6th Dist. Wood No. WD-21-035, 2021-Ohio-4232, ¶ 18 ("[T]he trial court, not the state, introduced the new information in *Yates*. This distinction is material insofar as it supports a logical conclusion that since the trial court introduced the information it therefore *considered* the new information in fashioning its sentence. On the other hand, the state's introduction of new information does not lead to such a conclusion." (Emphasis sic.)). When a defendant's right of allocution is violated, the reviewing court will reverse his sentence and remand the case for resentencing unless the error was invited or harmless. *Id.* at ¶ 14.

{¶ 18} Here, the trial court introduced new information at the sentencing hearing when the trial judge reported his secondhand knowledge about the accident—i.e., the information about the "pitch of the engine and how quickly it was moving up the road" that the judge learned from his wife. This outside knowledge led the court to conclude that the accident that Fowler caused "was predictable not only, it was probable[,]" which contradicted Fowler's claim that it was a "'complete accident.'" The court's statement, read in the context of the court's comments at the sentencing hearing, shows that the

9.

court took this outside information into consideration and relied on it when deciding to sentence Fowler to 18 months in prison.[3]  Although Fowler and his attorney had the opportunity to speak earlier in the sentencing hearing, neither was given an opportunity to respond to the new information introduced by the judge before the court imposed its sentence.  This violated Fowler's right to allocution because he was deprived of his "last opportunity to plead his case or express remorse," *Green* at 360, in response to the judge's assessment of his culpability for the accident.

{¶ 19} When the court fails to allow a defendant to respond to new information, the error may be harmless if the defendant does not object or the court does not base its sentence on the new information.  *Gutierrez* at ¶ 20, citing *Yates* at ¶ 22.  Harmless error is "[a]ny error, defect, irregularity, or variance which does not affect substantial rights * * *."  Crim.R. 52(A).

{¶ 20} Although Fowler did not object to the trial court's statement about the information that the judge learned from his wife, we cannot find that the court's recitation of this information was harmless.  The trial court's own words show that the court relied on the information in forming its opinion that the accident (and D.S.'s resulting death), "was predictable not only, it was probable[,]" and in reaching its conclusion that 18 months was the appropriate sentence for Fowler's crime.  The impact of this information

_____

[3] The trial court, moreover, appeared to impute reckless conduct to Fowler, i.e., that Fowler disregarded "a substantial and unjustifiable risk that [his] conduct is likely to cause a certain result or is likely to be of a certain nature[,]" as opposed to the negligent conduct, i.e., a "substantial lapse from due care, * * *" to which Fowler pleaded.  *See* R.C. 2901.22(C) and (D).

was increased because it was introduced by the court—rather than the state or a third party—and the court relied heavily on this observation to discount Fowler's description of what happened as "not anything more than 'A complete accident.  * * *'" *Compare Gutierrez* at ¶ 18-20 (violation of defendant's right of allocution was harmless because the new information was introduced by the prosecutor, the trial court refused to explore the new information, the court was careful to focus on the information in defendant's presentence investigation report and his statement earlier in the sentencing hearing, and the record showed that defendant's sentence was based on the facts of his current conviction and his criminal history).

{¶ 21} In sum, because the record shows that the trial court introduced information from outside the record—i.e., not from the record of this case, the PSI, a victim impact statement, or any of the statements made at the sentencing hearing—and relied heavily on that information to rebut Fowler's explanation of events, we find that the trial court's failure to allow Fowler or his attorney an opportunity to respond was not harmless, despite Fowler's failure to object.  Accordingly, Fowler's sentence is contrary to law, and we must vacate Fowler's sentence and remand the matter for resentencing.

{¶ 22} Fowler's first assignment of error is well-taken.

### B. Fowler's second assignment of error is moot.

{¶ 23} In his second assignment of error, Fowler, relying on a dissent in a case decided before *Jones*, summarily asserts that we have the jurisdiction to review Fowler's sentence under Article IV, Section 3(B)(2), Ohio Constitution, and R.C. 2953.02, or,

11.

alternatively, that the due process clause in Article I, Section 16, Ohio Constitution, should allow us to review excessive sentences using an abuse-of-discretion standard. Because we have vacated Fowler's sentence, however, we need not reach these issues.

{¶ 24} Therefore, we find that Fowler's second assignment of error is moot and is not well-taken.

### III.    Conclusion

{¶ 25} Based on the foregoing, the October 11, 2021 judgment of the Ottawa County Court of Common Pleas is reversed, and the case is remanded for resentencing.[4] The state is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment reversed,
and remanded.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

---

[4] In his brief, Fowler argues that the trial judge violated Jud.Cond.R. 2.11 by relying on information that the judge learned from his wife, and he asks that we "remand the case for resentencing with the appointment of a judge [who is] unburdened and unbiased * * *." The exclusive remedy for a litigant who claims that a common pleas court judge is biased or prejudiced is filing an affidavit of disqualification with the Supreme Court under R.C. 2701.03. *State v. Quinn*, 6th Dist. Lucas No. L-12-1242, 2014-Ohio-340, ¶ 31, citing *State v. Meza,* 6th Dist. Lucas No. L-03-1223, 2005-Ohio-1221, ¶ 31; and *Berdyck v. Shinde,* 128 Ohio App.3d 68, 81, 713 N.E.2d 1098 (6th Dist.1998). As a result, a court of appeals lacks authority to determine issues of disqualification. *Id.*, citing *Beer v. Griffith*, 54 Ohio St.2d 440, 441-442, 377 N.E.2d 775 (1978); *Meza* at ¶ 31; and *State v. Dougherty,* 99 Ohio App.3d 265, 269, 650 N.E.2d 495 (3d Dist.1994).

12.

Christine E. Mayle, J.                    _____
                                                         JUDGE

Gene A. Zmuda, J.

                                         _____
Myron C. Duhart, P.J.                                    JUDGE
CONCUR.

                                         _____
                                                         JUDGE

This decision is subject to further editing by the Supreme Court of
Ohio's Reporter of Decisions.  Parties interested in viewing the final reported
version are advised to visit the Ohio Supreme Court's web site at:
http://www.supremecourt.ohio.gov/ROD/docs/.