[Cite as *State v. Wagner*, 2023-Ohio-1215.]

# COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

STATE OF OHIO,                          :

    Plaintiff-Appellee,           :

                                       No. 109678

    v.                            :

DAVID WAGNER,                           :

    Defendant-Appellant.          :

---

## JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** April 13, 2023

---

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-19-636068-B

---

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Sarah E. Hutnik, Assistant Prosecuting Attorney, *for appellee.*

John P. Parker, *for appellant.*

EMANUELLA D. GROVES, J.:

{¶ 1} On March 16, 2022, this court granted defendant-appellant, David Wagner's ("Wagner"), timely application to reopen his appeal of his sentence pursuant to App.R.26(B). *State v. Wagner*, 8th Dist. Cuyahoga No. 109678, 2022-Ohio-801. For the reasons that follow, we affirm the sentence.

## Procedural and Factual History

{¶ 2} Wagner was indicted in January 2019, along with two codefendants, Devaughnte Rice ("Rice") and Richard Pinson, Jr. ("Pinson") for an incident that occurred on September 5, 2018, that led to the death of the defendants' accomplice, Deandre Wilson ("Wilson"). Wagner was charged with aggravated murder (Count 1); attempted murder (Count 2); two counts of felonious assault (Counts 3 and 4); murder (Count 5); aggravated robbery (Count 6); robbery (Count 7); kidnapping (Count 8); grand theft (Count 9); and having weapons while under a disability (Count 11). Counts 1 through 9 each carried repeat violent offender ("RVO") specifications, and one- and three-year firearm specifications. Count 11 carried a three-year firearm specification.

{¶ 3} A detailed factual background of this case can be found in *State v. Rice*, 8th Dist. Cuyahoga No. 109712, 2021-Ohio-1882, which we also referenced in the original opinion in *State v. Wagner*, 8th Dist. Cuyahoga No. 109678, 2021-Ohio-3107 ("*Wagner I*"). Accordingly, we will include a brief summary here with additional facts relevant to the current appeal.

{¶ 4} On September 5, 2018, Ronnal White ("White") shot and killed Wilson in self-defense when Wagner, Wilson, Rice, and Pinson robbed him. Portions of the altercation were captured by at least one nearby video camera. Wagner was the primary actor, grabbing White and forcing him to the ground. The video showed White being held down by Wilson as Wagner and an unidentified male removed items from White's person. During the altercation, White's gun fell out of his pants

pocket.  Wagner immediately picked up the gun and started striking White with it. White, however, possessed another gun and used it by killing Wilson in self-defense. *Rice* at ¶ 5, 7-9.

{¶ 5} Wagner was ultimately arrested and was held in jail during the pendency of the case.  During a pretrial in April 2019, the trial court addressed reports that Wagner had attempted suicide four times and was on suicide watch.  At that time, Wagner's counsel requested a competency and sanity evaluation.  At a later hearing, the trial court's journal reflects that the parties stipulated to the competency evaluation, finding Wagner competent.

{¶ 6} On March 2, 2020, Wagner appeared in court with counsel and entered a negotiated plea deal.  Wagner pleaded guilty to Count 1, as amended to involuntary manslaughter, with a three-year firearm specification; Count 2, attempted murder; Count 6, aggravated robbery; Count 8, kidnapping; Count 9, grand theft; and Count 11 having a weapon while under a disability.  Wagner also pleaded guilty to RVO specifications on Counts 1, 2, 6, and 8.  The state dismissed the remaining charges and specifications.  After accepting Wagner's guilty plea, there was a brief conversation on the record about the sentencing hearing.  Wagner's counsel wanted the hearing scheduled at least 60 days out because Wagner was on federal parole for a gun-related charge.  Counsel hoped to negotiate a sentence in the federal court that would be concurrent to the sentence in this case.  Accordingly, the trial court scheduled Wagner's sentencing for May 2020.

**{¶ 7}** However, a week later on March 9, 2020, the trial court issued a journal entry advancing Wagner's sentencing to March 16, 2020. On the date of the hearing, the trial court noted that Wagner's behavior had "deteriorated significantly" while in jail and that it was necessary to sentence him immediately. Wagner raised no objection to the trial court's decision.

**{¶ 8}** Instead, Wagner's counsel informed the court that he had discussed the earlier sentencing hearing with Wagner and the potential effect on his federal case. Per counsel, Wagner understood and wished to proceed with sentencing anyway. The trial court spoke to Wagner directly and confirmed that he still wished to maintain his guilty plea and proceed with sentencing.

**{¶ 9}** The trial court then reviewed Wagner's plea on the record. Because the court had presided over the trial in codefendant Rice's case in the weeks prior, had seen the video evidence, and had obtained Wagner's criminal history, the trial court elected not to request a presentence investigation. Neither party objected. The hearing then began with statements from the parties.

**{¶ 10}** The state addressed the court first and noted that Wagner was the principal offender in this matter. Per the state, Wagner jumped on White's back and wrestled him to the ground. Although Wilson held White down, Wagner was the one who picked up the gun that fell from White's pocket, kicked White in the head, punched White, and shot at White with a gun Wagner brought to the scene.

**{¶ 11}** The state also referred to White's testimony. White elected not to appear for Wagner's sentencing. At Rice's trial, White testified that Wagner

threatened to shoot him while Wilson held him down. White heard Wilson tell Wagner to wait, to not shoot him until Wilson could get a grip on him. In that instant, White had to act in self-defense because he knew Wagner was going to shoot him otherwise. Even so, White noted that having to shoot Wilson continued to haunt him.

{¶ 12} Next, Wagner's counsel addressed the court and stressed that Wagner was not at Rice's trial because he chose to accept responsibility for his actions. Referring to the video, counsel noted that there was no dispute that Wagner had kicked White in the head and that it was deplorable conduct that his client wished had not happened. Counsel told the court that Wagner denied having a gun himself, but that "an exchange of gunfire" occurred with Wagner using one of White's guns.

{¶ 13} At that point, the trial court interjected, noting that the evidence established that a third gun was used. The court found Wagner's counsel's version "hard to believe."

{¶ 14} Wagner's counsel continued, reiterating that regardless of what occurred, Wagner did take responsibility for his actions. He went on to address Wagner's criminal history noting that his offenses were clustered between 2010 and 2014. He noted that the most serious offenses happened in one case and involved aggravated burglary and aggravated robbery.

{¶ 15} Continuing, counsel noted that Wagner underwent a psychological evaluation through the court in 2010 and was found to have a borderline functional IQ between 60 and 70. Counsel also noted that Wagner was diagnosed with an

adjustment disorder with mixed disturbance of emotions and conduct, as well as a myriad of dual diagnoses, including PTSD, and drug and alcohol addiction.

{¶ 16} In summation, counsel alleged that Wagner and the others did not intend to commit a robbery. He argued that the events occurred due to the surrounding circumstances. Finally, he alleged that if the case had gone to trial, Wagner would have testified that White boasted about "what he was going to do to these young men" which precipitated the incident. The trial court interjected again, stating that although White might have been saying something there is no confirmation in the video. The court also noted that although the crimes were not extensively preplanned, there was evidence based on the participants' actions that they acted in concert to commit the robbery.

{¶ 17} Wagner then addressed the court. He began by expressing remorse over getting his best friend, Wilson, killed and told the court that it haunted him every day. Wagner then proceeded to tell the court that he never intended to rob White but alleged that White approached them with a gun and was talking crazy to Wilson, so Wagner grabbed him. Wagner then expressed remorse again for Wilson's death.

{¶ 18} The court proceeded to sentence Wagner as follows:

{¶ 19} On Count 1, involuntary manslaughter, three years consecutive to three years on the firearm specification for a total of six years; Count 2, attempted murder, nine years; Count 6, aggravated robbery, nine years; Count 8, kidnapping, nine years; Count 9, grand theft, 12 months, and Count 11, having a weapon while

under a disability, 24 months. The court ordered Counts 1 and 6 to be served consecutively to one another and that the remaining counts, Counts 2, 8, 9, and 11, run concurrent to each other and concurrent to the sentences in Counts 1 and 6 for a total sentence of 15 years.

{¶ 20} In his first appeal, Wagner challenged the imposition of consecutive sentences, arguing that the record did not support consecutive sentences and that his sentence was contrary to law. We disagreed, finding that the record did support the imposition of consecutive sentences and that the sentence was not contrary to law.

{¶ 21} In this reopened appeal, Wagner raises the following assignments of error for our review:

### Assignment of Error No. 1

Trial counsel was ineffective under the Sixth and Fourteenth Amendments of the Federal Constitution when the competency report dated June 3, 2019, was not made part of the record.

### Assignment of Error No. 2

Trial counsel was ineffective under the Sixth and Fourteenth Amendments when he failed to object to the advanced sentencing hearing and or failed to request a continuance. *Strickland v. Washington*, 466 U.S. 668 (1984).

### Assignment of Error No. 3

It was plain error under Ohio Crim.R. 52 to conduct a sentencing hearing with only aggravating evidence, advanced for inadequate reasons and without a presentence report promised at the time of the guilty pleas and without no defense sentencing memorandum.

## Assignment of Error No.4

It was plain error under Crim.R. 52 for the trial court to consider a video of the crime and testimony from the victim from a codefendant's trial that was not made part of the sentencing record in this case and which the trial judge used in aggravation of penalty.

## Assignment of Error No. 5

Trial counsel was ineffective at sentencing for failing to object and or preserve for the record the trial court's reliance on evidence from a codefendant's trial not made part of the record at Wagner's sentencing hearing. Sixth and Fourteenth Amendments, U.S. Constitution.

## Assignment of Error No. 6

Mr. Wagner's 15-year sentence as opposed to codefendant Pinson who went to trial and received only an eight year sentence is contrary to *State v. Lyons*, 2002-Ohio-3424 (8th Dist.) and R.C. 2929.11(B).

## Assignment of Error No. 7

A combination of errors at sentencing violated due process under the Fourteenth Amendment. *State v. Brown*, 115 Ohio St.3d 55 (2007).

## Law and Analysis

{¶ 22} For ease of analysis, we will address some of the assigned errors in combination and out of order.

## Wagner's Third and Fourth Assigned Errors

{¶ 23} We will begin with Wagner's third and fourth assigned errors that both challenge the evidence, or lack thereof, used to determine his sentence. In the third assigned error, Wagner alleges it was plain error for the trial court to advance the sentencing hearing and then only consider aggravating evidence. Because we view the decision to advance the hearing as a distinct issue, we will consider it separately. In the fourth assigned error, Wagner argues that it was plain error for

the trial court to consider video evidence and testimony from the victim that was never made a part of the record in Wagner's case.

**Standard of Review**

{¶ 24} "Failure to object waives all but plain error on appeal." *State v. Friscone*, 8th Dist. Cuyahoga No. 107801, 2019-Ohio-1781, ¶ 23; citing *State v. St. Martin*, 8th Dist. Cuyahoga No. 96834, 2012-Ohio-1633, ¶ 7. Wagner failed to raise any concerns about the evidence considered during his sentencing hearing before the trial court. Therefore, in order to prevail, Wagner must establish that the errors he claims occurred at the sentencing hearing were plain errors mandating relief.

{¶ 25} Pursuant to Crim.R. 52(B), "[p]lain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court." In order to find plain error, we must make three findings. "First, there must be an error, i.e., a deviation from a legal rule." *State v. Barnes*, 94 Ohio St.3d 21, 27, 759 N.E.2d 1240 (2002); citing *State v. Hill*, 92 Ohio St.3d 191, 749 N.E.2d 274 (2001), citing *United States v. Olano*, 507 U.S. 725, 732, 113 S.Ct. 1770, 123 L. Ed.2d 508 (1993). Second, the error must be plain, i.e., it must be an "obvious defect in the trial proceedings." *Id.*, citing *State v. Sanders*, 92 Ohio St.3d 245, 750 N.E.2d 90 (2001), citing *State v. Keith*, 79 Ohio St.3d 514, 684 N.E.2d 4 (1997). Finally, "the error must have affected 'substantial rights.'" *Id.* An error affects a substantial right if it "'affected the outcome of the [proceeding].'" *State v. Thomas*, 152 Ohio St.3d 15, 2017-Ohio-8011, 92 N.E.3d 821, ¶ 33, quoting *Barnes* at 27.

## Evidence in Support of the Trial Court's Sentence

{¶ 26} In his appellate brief regarding the third assignment of error, Wagner suggests, citing *Wagner I,* that the trial court only considered aggravating evidence. Wagner misunderstands the conclusion in *Wagner I.* This court noted that the trial court did not *find* any mitigating circumstances, not that the trial court failed to consider mitigating circumstances. *Wagner I* at ¶ 20. The trial court directly addressed the mitigating factors under R.C. 2929.12(C) on the record as follows:

> Court: Whether the conduct is less serious. The victim induced or facilitated the offense. It's hard because in this case there are two victims. There's the victim of the robbery, Mr. White, and the kidnapping and the felonious assault and the theft. But there's also Mr. Wilson who's the victim of the murder.

> Court: So it's — it's two pronged. Did Mr. White induce or facilitate this offense? No. But did Mr. Wilson? Absolutely.

> Court: Whether the offender acted under strong provocation. I don't find that finding.

> Court: Whether the offender did not cause or expect to cause physical harm to persons or property. That, again, is two-pronged. I don't think anybody engaged in this thinking that Mr. Wilson was going to die. But was it foreseeable that somebody who's being robbed and felt that they are going to get shot might defend themselves? That is foreseeable.

> Court: And then if you look at it on the second prong, whether the offender did cause — did not cause or expect to cause physical harm. I can't make that finding. [Wagner] was kicking Mr. White on this particular — kicking Mr. White in the head. Took him to the ground. Pinned him on the ground. Wouldn't let him up for, I think it was at least two minutes in that video.

> Court: Whether there's substantial grounds to mitigate the offender's conduct. I cannot make that finding.

(Tr. 122)

{¶ 27} Wagner also argues that the record fails to reflect that the trial court considered his mental health conditions. We disagree. The record reflects that Wagner's counsel summarized the findings in Wagner's competency report that were favorable to him and could mitigate his sentence. The trial court found that there were no "substantial grounds" to mitigate Wagner's conduct. We interpret the court's finding as Wagner's mental health diagnoses were not *substantial enough* to mitigate his conduct.

{¶ 28} Furthermore, when imposing a felony sentence, a trial court must consider the purposes and principles of sentencing under R.C. 2929.11 and the sentencing factors under R.C. 2929.12. *State v. Bryant*, 168 Ohio St.3d 250, 2022-Ohio-1878, 198 N.E.3d 68, ¶ 20. However, "neither R.C. 2929.11 nor 2929.12 requires [the] court to make any specific factual findings on the record." *Id.*, quoting *State v. Jones*, 163 Ohio St.3d 242, 2020-Ohio-6729, 169 N.E.3d 649 ¶ 20, citing *State v. Wilson*, 129 Ohio St.3d 214, 2011-Ohio-2669, 951 N.E.2d 381, ¶ 31, and *State v. Arnett*, 88 Ohio St.3d 208, 215, 724 N.E.2d 793 (2000). Consequently, the trial court was not required to expressly reference Wagner's competency report during the sentencing hearing in order to meet the requirements of R.C. 2929.11 and 2929.12. The trial court's journal entry noting that it "considered all required factors of the law," was sufficient.

{¶ 29} Accordingly, the record does not support Wagner's conclusion that the trial court only considered aggravating circumstances prior to imposing his sentence; therefore there was no error. Because Wagner has failed to establish that

the trial court erred, he has failed to meet the burden necessary to establish plain error in his third assignment of error.

{¶ 30} Accordingly, this part of the third assignment of error is overruled.

{¶ 31} In the fourth assignment of error, Wagner argues that the trial court committed plain error when it considered evidence outside the record when sentencing Wagner, specifically, the videotape of the incident and the testimony of the robbery victim, White.

{¶ 32} It is indisputable that the trial court repeatedly referenced this evidence during Wagner's sentencing hearing. At the beginning of the hearing, the trial court explicitly referenced its familiarity with the case based on having listened to Rice's trial just prior to the sentencing hearing. (Tr. 103.) That familiarity, in addition to other factors, led the court to note that it did not need a presentence-investigation report. The trial court also disagreed with Wagner's attorney during his recitation of facts with respect to whether Wagner had a gun, whether the victim instigated the incident, and whether the robbery was planned. Furthermore, the trial court indicated that its impression of what happened was negatively affected by the testimony at the codefendant's trial. (Tr. 118.)

{¶ 33} Nevertheless, Wagner failed to object and therefore has waived all but plain error. Therefore he must establish that the trial court's reliance on this evidence was a plain and obvious error that affected a substantial right, i.e., it affected the outcome of the proceedings. *Barnes*, 94 Ohio St.3d at 27, 759 N.E.2d 1240.

**{¶ 34}** This court has found that "[t]he trial court must only consider what is properly on the record at sentencing and cannot rely on information outside of the record." *State v. McManus*, 8th Dist. Cuyahoga No. 101922, 2015-Ohio-2393, ¶ 31; *see also Ohio v. Fowler*, 6th Dist. Ottawa No. OT-21-031, 2022-Ohio-3499, ¶ 15. To the extent that the evidence in question was not properly before the trial court it would be an error for the court to consider it. However, because we are examining this evidence under the plain error standard, Wagner must establish that he was prejudiced by the error. Based on our review of the record, we cannot find that this error prejudiced Wagner such that it affected the outcome of the proceedings. The record reflects that there was an independent basis for the trial court's findings in support of the sentence.

**{¶ 35}** Ignoring the evidence that came from the codefendant's trial, the record reflects that Wagner pleaded guilty to repeat violent offender specifications. A repeat violent offender is someone who (a) is being sentenced for "aggravated murder, murder, any felony of the first or second degree that is an offense of violence, or an attempt to commit any of these offenses" if the attempt is still a felony of the first or second degree and (b) who has previously pleaded guilty or been convicted of any of the aforementioned offenses. R.C. 2929.01(CC). Wagner had prior convictions for aggravated burglary and aggravated robbery. Additionally, at the time of the offense, Wagner was on federal parole for gun-related charges. These facts alone are sufficient to support the trial court's finding that consecutive sentences were necessary to both protect the public and punish the offender.

{¶ 36} In making the finding that Wagner's conduct caused harm that was so great or unusual that a single term did not adequately reflect the seriousness of the conduct, the court noted that there were a number of codefendants that colluded in this offense and that the offense of aggravated robbery was the worst form of the offense because it led to the death of Wilson at the hands of the victim who had to defend himself. Finally, Wagner was the primary aggressor in the incident.

{¶ 37} Consequently, the trial court's findings in support of consecutive sentences were supported by evidence in the record, independent from the videotape and White's testimony.

{¶ 38} Nevertheless, Wagner also alleges that he was prejudiced because he could not adequately respond to the videotape and White's testimony. We disagree. Arguably, seeing the incident via video had an impact, however, given the factors previously addressed, Wagner was not prejudiced by the trial court's ability to see the crime. The trial court had an independent basis for issuing its sentence through the record and information provided by the prosecutor. Consequently, Wagner was not prejudiced by the trial court having seen it.

{¶ 39} With respect to the trial court's consideration of White's testimony, this court has previously addressed a similar situation in *State v. Williams*, 8th Dist. Cuyahoga No. 101885, 2015-Ohio-2041. The *Williams* Court found that it was not prejudicial for the trial judge to have viewed the victim in another proceeding involving a codefendant. *Id*. at ¶ 12. R.C. 2929.19(B) *requires* the trial court to

consider a variety of factors, including "any victim impact statement." *Id.*, quoting R.C. 2929.19(B).

{¶ 40} We are mindful that in a case like this where there are multiple codefendants, the likelihood of the trial court hearing evidence outside of the record in one or more of the cases is heightened. Nevertheless, this evidence was not extraneous to the court's required considerations, nor can we find that the evidence affected the outcome of the proceedings.

{¶ 41} Accordingly, Wagner has failed to establish plain error.

{¶ 42} The fourth assignment of error is overruled.

## Advancement of Sentencing Hearing

{¶ 43} Finally, we separate Wagner's argument that the decision to advance the sentencing hearing was plain error. At the core of Wagner's argument in these assignments of error is the suggestion that the trial court's errors were precipitated by the decision to advance the sentencing hearing without just cause. A trial court's decision with respect to how it manages its docket is solely within its discretion. *State v. Davis*, 8th Dist. Cuyahoga No. 105256, 2018-Ohio-841, ¶ 38, citing *6750 BMS, L.L.C. v Drentlau*, 2016-Ohio-1385, 62 N.E.3d 928, ¶ 18 (8th Dist.), citing *State ex rel. V Cos. v. Marshall Cty., Aud.*, 81 Ohio St.3d 467, 692 N.E.2d 198 (1998). Accordingly, we will not overturn that decision, "unless there has been an abuse of discretion." *Id.* "A court abuses its discretion when its attitude is 'unreasonable, arbitrary, or unconscionable.'" *In re Ry.T.*, 8th Dist. Cuyahoga No. 111311, 2023-Ohio-12, ¶ 18, citing *In re N.N.*, 8th Dist. Cuyahoga No. 110443, 2021-

Ohio-3931, ¶ 23, quoting *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 450 N.E.2d 1140 (1983).

{¶ 44} Here, the trial court expressed that it advanced the case because immediately after taking Wagner's plea, the trial court learned that Wagner's behavior in jail was deteriorating. Although the court did not go into detail, our review of the record establishes that the trial court kept track of Wagner's condition because of reports that he had attempted suicide four times in jail. For example, in an October 2019 hearing, the trial court discussed with Wagner his removal from the psychological ward of the jail and placement in the general population and his subsequent return to the psychological ward. In addition to those reports, Wagner's competency evaluation also detailed Wagner's behaviors in jail.

{¶ 45} Consequently, while the specific details were not addressed at the hearing, the trial court's decision was based on information it had been receiving that Wagner's behavior necessitated immediate action. Consequently, there was sufficient information in the record to rebut any concern that the trial court acted unreasonably, arbitrarily, or unconscionably when it elected to advance Wagner's sentencing hearing.

{¶ 46} Wagner has also failed to establish that he was prejudiced by the advanced sentencing hearing. The trial court docketed the date change a week in advance. There was sufficient time to request a continuance or otherwise notify the court that the defense would not be prepared for the hearing.

{¶ 47} Therefore, the trial court did not abuse its discretion when it advanced the sentencing hearing. Furthermore, based on the foregoing, Wagner has failed to establish that a substantial right was violated preventing a finding of plain error.

{¶ 48} Accordingly, we overrule the third and fourth assignments of error.

## Ineffective Assistance of Counsel

{¶ 49} In Wagner's first, second, and fifth assignments of errors, he alleges he received ineffective assistance of counsel. Wagner argues his counsel was ineffective when he failed to (1) make the competency report a part of the record; (2) object to or request a continuance of the advanced sentencing hearing; and (3) object to the trial court's reliance on evidence outside of the record.

{¶ 50} In order to establish ineffective assistance of counsel, an appellant "must demonstrate '"(1) deficient performance by counsel, namely that counsel's performance fell below an objective standard of reasonable representation, and (2) that counsel's errors prejudiced the party, or a reasonable probability that but for counsel's errors, the outcome would have been different."'" *State v. Moore*, 2022-Ohio-522, 185 N.E.3d 216, ¶ 29 (8th Dist.), quoting *State v. Knight*, 8th Dist. Cuyahoga No. 109302, 2021-Ohio-3674, ¶ 46, citing *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *State v. Bradley*, 42 Ohio St.3d 136, 538 N.E.2d 373 (1989), paragraphs two and three of the syllabus. "A 'reasonable probability' is one 'sufficient to undermine confidence in the outcome.'" *Id.*, citing *State v. Mohammad Khoshknabi*, 2018-Ohio-1752, 111 N.E.3d 813, ¶ 29 (8th Dist.), quoting *Strickland* at 694.

{¶ 51} With respect to the first assignment of error, there is no evidence that the competency evaluation was not a part of the trial court record. *Wagner I* merely noted that the competency report was not part of the *appellate* record. *Wagner I*, 8th Dist. Cuyahoga No. 109678, 2021-Ohio-3107, at ¶ 4, fn. 1.[1] The trial court's docket reflects that on June 4, 2019, counsel for Wagner and the state were present in court and stipulated to the June 3, 2019 competency evaluation. Consequently, the parties reviewed the report and agreed that Wagner was competent to stand trial.

{¶ 52} Furthermore, as we have noted, there is no affirmative evidence in the record that the trial court failed to consider the competency report. While Wagner's counsel did not admit the competency evaluation into evidence at sentencing, he gave a brief summary of its contents on the record. Notably, the competency evaluation also contained facts unfavorable to Wagner. There were several notations indicating Wagner had threatened to harm corrections officers and medical staff. Additionally, there were notations that Wagner was malingering hallucinations in order to be placed in either the psychological or medical units. The evaluator also suggested that Wagner manipulated his responses on the IQ test to lower his score. It is objectively reasonable for trial counsel to determine that it would be more effective to discuss the contents favorable to Wagner rather than introduce into evidence a report that indicates he was alternately disruptive and/or lying.

---

[1] The competency evaluation is now a part of the appellate record.

{¶ 53} When evaluating a claim of ineffective assistance of counsel, we must remain mindful of the myriad ways for an attorney to provide effective assistance, and, accordingly, give great deference to trial counsel's performance. St*ate v. Vargas*, 8th Dist. Cuyahoga No. 97376, 2012-Ohio-2767, ¶ 14, citing *Strickland*, 466 U.S. at 689, 80 L.Ed.2d 674, 104 S.Ct. 2052. "Trial tactics and strategies do not constitute a denial of effective assistance of counsel." *Id.*, citing *State v. Gooden*, 8th Dist. Cuyahoga No. 88174, 2007-Ohio-2371, ¶ 38, citing *State v. Clayton*, 62 Ohio St.2d 45, 402 N.E.2d 1189 (1980).

{¶ 54} Undeniably, there were clear strategic benefits to summarizing the report rather than submitting it in its entirety at sentencing. Consequently, trial counsel did not provide ineffective assistance of counsel by failing to introduce the competency evaluation into evidence during sentencing.

{¶ 55} Accordingly, Wagner's first assignment of error is overruled.

{¶ 56} Likewise, Wagner has failed to establish ineffective assistance of counsel where trial counsel failed to request a continuance or object to the advanced sentencing hearing. We have already established that Wagner failed to demonstrate that the trial court committed plain error in its decision to advance the hearing. Furthermore, the trial court's docket reflects that it notified the parties of the hearing at least a week beforehand. Finally, it was apparent as well, that counsel had discussed the sentencing hearing with Wagner and that Wagner agreed to go forward with sentencing that day.

{¶ 57} Wagner suggests that the advanced hearing prevented his counsel from adequately preparing for the hearing or ensuring that a presentence-investigation report was created. He also alleges that a mitigation witness was unavailable for the advanced court date.

{¶ 58} However, as we have already discussed, trial counsel was given adequate notice. Further, Wagner's counsel was able to advocate on his behalf and raise several issues in his favor during the sentencing hearing. As to the unavailable witness, neither trial counsel nor Wagner raised the issue before the court. In fact, Wagner expressed a desire to proceed with sentencing. Finally, while a presentence investigation can be helpful, it is not required prior to a sentencing hearing. R.C. 2929.19 requires the court to consider any information presented at the hearing, and "if one was prepared, the presentence investigation report." The trial court elected not to have one prepared.

{¶ 59} Wagner has therefore failed to establish that trial counsel's failure to request a continuance or object to the advancement of the sentencing hearing was prejudicial that but for which, the outcome of his sentencing would have been different.

{¶ 60} Accordingly, we overrule Wagner's second assignment of error.

{¶ 61} Finally, in the fifth assignment of error, Wagner argues that his trial counsel was ineffective when he failed to object to the trial court's reliance on videotaped evidence and the testimony of the victim that was not in the record in Wagner's case. As we have noted, Wagner has failed to establish that it was plain

error for the court to rely on the videotape or White's testimony. Wagner was not surprised by the evidence, and his counsel had an opportunity to view the video multiple times prior to the hearing. Further, he was not prejudiced by the trial court's consideration of White's testimony.

{¶ 62} Accordingly, Wagner has not demonstrated prejudice to establish that his trial counsel provided ineffective assistance. The fifth assignment of error is overruled.

**Wagner's Sentence Relative to Codefendant Pinson**

{¶ 63} In his sixth assignment of error, Wagner argues that his sentence and his codefendant Pinson's sentence of eight years is contrary to this court's holding in *State v. Lyons*, 8th Dist. Cuyahoga No. 80220, 2002-Ohio-3424, and R.C. 2929.11(B). Wagner argues that the trial court erred because Pinson received an eight-year sentence, and therefore the court failed to ensure that "the sentence imposed was consistent with sentences imposed for similar crimes committed by similar offenders." (Appellant's brief at p. 18).

{¶ 64} Preliminarily, the parties present different views of Pinson's case. Wagner alleges that Pinson was sentenced after a jury trial, while the state alleges that Pinson pleaded guilty. To clear up this dispute, we reviewed the online court docket for the Cuyahoga County Common Pleas Court in Pinson's case. *State ex rel. Maron v. Corrigan*, 8th Dist. Cuyahoga No. 112130, 2022-Ohio-4406, ¶ 2, fn. 1 ("An appellate court is permitted to take judicial notice of publicly accessible online court dockets." Citing *State ex rel. Everhart v. McIntosh*, 115 Ohio St.3d 195, 2007-

Ohio-4798, 874 N.E.3d 516, *State v. Estridge*, 2d Dist. Miami No. 2021-CA-25, 2022-Ohio-208).

{¶ 65} Accordingly, we take judicial notice that Pinson pleaded guilty to involuntary manslaughter, aggravated robbery, and kidnapping; all felonies of the first degree; and to grand theft a felony of the third degree. Unlike Wagner, Pinson did not plead guilty to attempted murder, having weapons while under disability, or to any firearm or repeat violent offender specifications. The trial court sentenced Pinson to five years on the involuntary manslaughter charge; eight years on the aggravated robbery charge; five years on the kidnapping charge; and 24 months on the grand theft charge, to run concurrently for a total of eight years.

{¶ 66} In comparison, Wagner received a sentence of three years on the involuntary manslaughter charge, consecutive to a three-year firearm specification; and nine years each on the aggravated robbery and kidnapping charges, and 12 months on the grand theft charge. Also, Wagner received a sentence of nine years for attempted murder and 24 months for having weapons while under disability.

{¶ 67} R.C. 2929.11(B) requires a defendant's sentence to be "consistent with sentences imposed for similar crimes committed by similar offenders." *See State v. Palmer*, 8th Dist. Cuyahoga No. 86035, 2006-Ohio-686, ¶ 10. This "consistency" in sentencing "does not require that codefendants receive equal sentences." *State v. Jones*, 8th Dist. Cuyahoga No. 103359, 2016-Ohio-5320, ¶ 37, citing *State v. Pruitt*, 8th Dist. Cuyahoga No. 98080, 2012-Ohio-5418, ¶ 26, citing *State v. Nelson*, 11th Dist. Lake No. 2008-L-072, 2008-Ohio-5535. Our review consists of determining

"whether the sentence is so unusual as to be outside the mainstream of local judicial practice. Although the offense may be similar, distinguishing factors may justify dissimilar treatment.'" *Id.*, citing *State v. Dawson*, 8th Dist. Cuyahoga No. 86417, 2006-Ohio-1083, ¶ 31, quoting *State v. Turner*, 8th Dist. Cuyahoga No. 81449, 2003-Ohio-4933.

{¶ 68} Admittedly, Wagner and Pinson were involved in the same incident, but their circumstances are dissimilar. Wagner pleaded guilty to more serious charges than Pinson. Additionally, the trial court identified Wagner as the primary aggressor in the crime. There is no evidence in the record that Pinson was a significant participant in the crime compared to Wagner.

{¶ 69} Furthermore, the trial court's sentence is in line with the holding in *Lyons*, 8th Dist. Cuyahoga No. 80220, 2002-Ohio-3424. The court's holding in that case was that a trial court "must ensure that any sentence it imposes is consistent with that imposed for similar crimes by similar offenders." *Id.* at ¶ 33. Wagner and Pinson are not "similar" offenders in this case. Their conduct was not "alike in substance or essentials." Merriam-Webster.com Dictionary, Merriam-Webster, https://www.merriam-webster.com/dictionary/similar (accessed Feb. 14, 2023).

{¶ 70} Given the foregoing, the trial court did not err in sentencing Wagner differently than Pinson. Although involved in the same crimes, the trial court clearly recognized that Wagner was a principal offender and sentenced him commensurate with his conduct.

{¶ 71} Accordingly, Wagner's sixth assignment of error is overruled.

**Cumulative errors amounting to a violation of Due Process**

{¶ 72} Finally, in the seventh assignment of error, Wagner argues that the combination of errors, or cumulative errors, noted in the other assigned errors violated his right to due process under the law.

{¶ 73} This argument is often referred to as the cumulative-error doctrine. It recognizes that although individual errors at trial may not rise to the level of prejudicial error, "'a conviction will be reversed where the cumulative effect of the errors deprives a defendant of the constitutional right to a fair trial.'" *State v. Brown*, 10th Dist. Franklin Nos. 22AP-38, 22AP-39, 22AP-40, 22AP-41, and 22AP-42, 2022-Ohio-4073, ¶ 39; quoting *State v. Ferrell*, 2020-Ohio-6879, ¶ 42, 165 N.E.3d 743 (10th Dist.), quoting *State v. DeMarco*, 31 Ohio St.3d 191, 509 N.E.2d 1256 (1987), paragraph two of the syllabus. Furthermore, one cannot establish cumulative error by merely "combining * * * unsuccessful claims together." If none of the claims have merit, cumulative error cannot be established. *Id.*

{¶ 74} Wagner alleges the following errors, when combined, represent cumulative error warranting reversal of his sentence: (1) failure to obtain a presentence investigation; (2) trial court's failure to "look at everything"; (3) the trial courts failure to consider all of the mitigating evidence contained in the competency report; (4) the advancing of the sentencing hearing without good cause and the absence of a potential witness; (5) counsel's shortcomings at the sentencing hearing; (6) the trial court's reliance on evidence in the codefendant's trial; and (7) the "disparate sentences" between the codefendants.

{¶ 75} All of Wagner's assignments of error are without merit and have been overruled. Therefore, cumulative error cannot be established.

{¶ 76} Accordingly, Wagner's seventh assignment of error is overruled.

{¶ 77} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
EMANUELLA D. GROVES, JUDGE

KATHLEEN ANN KEOUGH, P.J., and
MICHAEL JOHN RYAN, J., CONCUR