[Cite as *State v. Manns*, 2024-Ohio-4632.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## HARDIN COUNTY

STATE OF OHIO,

    PLAINTIFF-APPELLEE,

  v.

ALYSA JADE MANNS,

    DEFENDANT-APPELLANT.

CASE NO. 6-23-17

O P I N I O N

---

Appeal from Hardin County Common Pleas Court
Trial Court No. CRI 20232041

**Judgment Affirmed**

**Date of Decision:  September 23, 2024**

---

APPEARANCES:

    *Kyle Phillips* **for Appellant**

    *Morgan S. Fish* **for Appellee**

**WILLAMOWSKI, P.J.**

{¶1} Defendant-appellant Alysa Jade Manns ("Manns") appeals the judgment of the Hardin County Court of Common Pleas, arguing that the trial court erred in the process of imposing a sentence. For the reasons set forth below, the judgment of the trial court is affirmed.

*Facts and Procedural History*

{¶2} Manns and Malik Jett ("Jett") lived together and had a daughter. At times, Manns's mother would provide childcare. In November 2022, Manns took her five-week-old daughter to the hospital. The child was running a fever, not breathing properly, and had a mouth wound that interfered with eating. The staff was concerned that the child had sepsis and wanted to perform tests. However, Manns declined treatment, indicating that she would take the child to a different hospital later. Before leaving, Manns signed a release form that stated her decision went against medical advice.

{¶3} Manns then went to her home but did not inform Jett about the seriousness of their daughter's condition. After spending roughly eight hours at home, Manns brought her daughter to St. Rita's hospital but did not provide the staff with the medical history from her visit to the hospital in Hardin County. An examination revealed that the infant had forty-nine rib fractures; two lacerated organs; a fractured clavicle; and a mouth wound. Based on the state of these

injuries, the medical professionals determined that they were sustained on at least three separate occasions.

{¶4} On February 24, 2023, Manns was indicted on three counts of endangering children in violation of R.C. 2919.22(A), third-degree felonies. Jett was also charged in a separate case as the result of this situation. On August 9, 2023, Manns entered a plea of no contest to one count of endangering children in violation of R.C. 2919.22(A), a third-degree felony, while the remaining charges were dismissed. At sentencing, the State recommended a prison term of thirty-six months. On October 26, 2023, the trial court issued a judgment entry of sentencing that imposed a thirty-month prison term. Manns filed her notice of appeal on November 22, 2023.

*Assignment of Error*

{¶5} On appeal, Manns raises the following assignment of error:

**The trial court erred by considering evidence outside the record in defendant-appellant Alysa Jade Manns' case and that was not provided to defense counsel in the form of the co-defendant's presentence investigation report, which resulted in the imposition of a sentence that is contrary to law.**

Manns argues that the trial court erred by referencing Jett's PSI at her sentencing hearing after her thirty-month prison term had already been imposed.

*Standard of Review*

{¶6} "R.C. 2953.08(G)(2) establishes the scope of appellate review for felony sentences." *State v. Morgan*, 2024-Ohio-625, ¶ 6 (3d Dist.). Under this

-3-

provision, an appellate court has the authority to increase, reduce, modify, or vacate a sentence if it clearly and convincingly finds that the sentence is contrary to law. *State v. Brill*, 2023-Ohio-404, ¶ 7 (3d Dist.). The Ohio Supreme Court has stated that "contrary to law" means "in violation of statute or legal regulations at a given time." *State v. Bryant*, 2022-Ohio-1878, ¶ 22, quoting Black's Law Dictionary (6th Ed. 1990).

*Legal Standard*

**{¶7}** "A sentencing court may only consider information that is properly before it at the sentencing hearing and cannot consider information from outside of the record." *State v. Fowler*, 2022-Ohio-3499, ¶ 15 (6th Dist.), citing *State v. Bayliff*, 2010-Ohio-3944, ¶ 27 (3d Dist.). "Where the trial court relies on information outside the record, a defendant's due process rights may be violated." *State v. McManus*, 2015-Ohio-2393, ¶ 31 (8th Dist.). For these reasons, a sentence may be contrary to law if it was based upon an unauthorized source of information from outside of the record. *State v. Taylor*, 2024-Ohio-2107, ¶ 15 (6th Dist.).

**{¶8}** R.C. 2929.19(B)(1)(a) states that a trial court is to consider the following sources of information in ordering a sentence:

> (1) the record; (2) any information presented at the hearing by the offender, the prosecuting attorney, the victim or the victim's representative, and any other person approved by the trial court; (3) the presentence investigation report; and (4) any victim impact statement.

*Taylor* at ¶ 14. The contents of a PSI are not matters of public record and generally must remain confidential. R.C. 2951.03(D)(1). The Defense has several statutory rights under R.C. 2951.03 to a PSI that is prepared for the defendant and

> is entitled (1) to read the report subject to a few restrictions; (2) to comment on the report and possibly introduce evidence that is relevant to any factual inaccuracies contained in the report; and (3) to comment upon an oral or written summary of the report performed by the court if the court determines that certain pieces of the report cannot be disclosed to the defendant or defendant's counsel.

*State v. Gaspareno*, 2016-Ohio-990, ¶ 37 (3d Dist.), citing R.C. 2951.03(B)(1)-(3). While the defendant has these rights to his own PSI, he does not have a right to access the PSI of a co-defendant from another case. *State v. Sanders*, 2004-Ohio-6842, ¶ 4 (1st Dist.). *See* R.C. 2951.03(D)(2)-(3).

{¶9} Further, a defendant who fails to raise an objection before the trial court waives all but plain error on appeal. *State v. Farr*, 2023-Ohio-4704, ¶ 18 (3d Dist.). *See also* Crim.R. 52(A).

> For plain error to apply, the trial court must have deviated from a legal rule, the error must have been an obvious defect in the proceeding, and the error must have affected a substantial right. * * * Under the plain error standard, the appellant must demonstrate that there is a reasonable probability that, but for the trial court's error, the outcome of the proceeding would have been otherwise.

(Citations omitted.) *State v. Bradshaw*, 2023-Ohio-1244, ¶ 67 (3d Dist.). "Plain error is recognized 'with the utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice.'" *State v. Pirani*, 2024-Ohio-3060, ¶ 16 (3d Dist.), quoting *State v. Long*, 53 Ohio St.2d 91, 97 (1978).

*Legal Analysis*

{¶10} After the State and the Defense each spoke at sentencing, the trial court noted that the child reached a "nearly fatal" condition in this case. (Tr. 22-23). The trial court focused on how Manns responded to her child's worsening situation, pointing out that she—not Jett—rejected the advice of medical professionals; refused treatment; removed the child from the hospital; waited hours to seek further treatment; and was not forthcoming about the seriousness of her child's condition with Jett or the staff at St. Rita's. The trial court concluded that Manns's actions "put this child at risk of serious physical harm and potential death." (Tr. 23).

{¶11} In evaluating the seriousness of Manns's conduct, the trial court found that the child's injuries were exacerbated by her age; that the child suffered serious physical harm; and that Manns's relationship with the child facilitated the offense. The trial court found that no factors were present that would indicate that Manns's conduct was less serious than what typically constituted the offense of endangering children. While finding no indication that Manns was likely to recidivate, the trial court determined that the seriousness of Manns's conduct was of greater importance in fashioning a sentence.

{¶12} Based on these considerations, the trial court ordered Manns to serve a prison term of thirty months. Before imposing this sentence, the trial court did not reference any source of information from outside the record. Further, the findings

made in support of the sentence were based on facts that can be found in the record.

After imposing the prison sentence, the trial court stated the following:

> [Trial Court]: I sincere—sincerely hope that when she is released from prison that if she gets her child back or if she has other children that we don't see another victimization of a child here. I will acknowledge—we don't know whether grandma and grandpa did this. She's [Manns] certainly pointing the finger at them. Mr. Jett certainly could have, though the facts of this case between his information for sentencing and this one would indicate that he probably had the least opportunity time wise and certainly he had nothing to do with the refusal of hospital care, was not informed of all the facts by her, and she, in the Court's opinion, is probably the most culpable for what happened to this child.
>
> [Defense Counsel]: Your Honor, where are you—I'm sorry. For the record, where are you reading that from?
>
> [Trial Court]: * * * I have heard from his attorney, I've heard from the State, I've read two PSIs, I've had access to all of the information in his case that, unless you went and reviewed it and reviewed his PSI you don't have. * * *

(Tr. 26-27). Manns points to this exchange as the basis of her challenge on appeal. Since she did not object at sentencing, we review for plain error only. *State v. Grim*, 2023-Ohio-4474, ¶ 60 (3d Dist.).

**{¶13}** First, Manns argues that the identified statement indicates that her sentence was based on evidence from outside the record. As such, she argues that her sentence is contrary to law and that her due process rights were violated. However, these remarks were made after Manns's prison sentence had been imposed. As discussed previously, the trial court made a number of findings prior to imposing a sentence. The findings made in support of the sentence each had an

"independent basis" in the record. *State v. Wagner*, 2023-Ohio-1215, ¶ 34 (8th Dist.).

{¶14} Further, in his comments admonishing Manns, the trial judge stated that she refused medical care for her daughter and withheld information about the child's condition from Jett. Both of these observations are based on facts in the record. The trial court referred to Jett's PSI to note that no conclusion could be drawn as to who had caused the child's injuries. Thus, Jett's PSI was mentioned in describing what could *not* be determined in this case and was *not* mentioned in the process of fashioning Manns's sentence. We also acknowledge the reality that, in a county where one judge handles these types of felony cases, a high likelihood exists that he or she will be aware of the information in a co-defendant's case. *Wagner* at ¶ 40.

{¶15} While a trial court's reliance on information from outside the record can violate a defendant's due process rights, we find no indication that the trial court relied on any information from Jett's PSI "when it fashioned [Manns's] sentence." *McManus*, 2015-Ohio-2393, ¶ 33. Given that the findings supporting her sentence can be traced to evidence properly in the record, Manns has failed to establish prejudice. *Wagner* at ¶ 34 (finding no plain error where a trial court "repeatedly referenced" evidence from a co-defendant's case because the findings supporting the sentence had an "independent basis" in the record).

**{¶16}** Next, Manns directs our attention to *State v. Gaspereno*, 2016-Ohio-990, to argue that the trial court's use of Jett's PSI denied her the statutory rights that she would have had under R.C. 2951.03 if the PSI had been her own.[1]   In *Gaspereno*, the trial court had to consult R.C. 2929.13(B) to determine whether it had to impose a community control sanction or whether it could impose a prison term. *Id.* at ¶ 33-34.  If a factor listed in R.C. 2929.13(B)(1)(b) was applicable, a prison term was an available sanction. *Id.*  Otherwise, a community control sanction had to be imposed if the factors listed in R.C. 2929.13(B)(1)(a) were applicable. *Id.*

**{¶17}** The trial court found an R.C. 2929.13(B)(1)(b) factor was applicable and imposed a prison term.  *Gaspareno* at ¶ 39.   However, this R.C. 2929.13(B)(1)(b) finding was based solely on hearsay statements in two PSIs that were prepared for Gaspareno's co-defendants in other cases. *Id.* at ¶ 45.  On appeal, we concluded that the trial court erred and "denied Gaspareno of the rights that he would have been entitled to [under R.C. 2951.03(B)] if the PSI were his." *Id.* at ¶ 44.  Since no other evidence in the record supported the only R.C. 2929(B)(1)(b) finding made in Gaspareno's case, this error was not harmless as a prison term may not have been an available sanction without the information in the co-defendants' PSIs. *Id.* at ¶ 45.

---

[1] Manns does not raise any arguments based upon a defendant's right to allocution under Crim.R. 32 but instead raises an argument based upon the defendant's statutory rights under R.C. 2951.03 to review and respond to his or her own PSI.  *See also Fowler*, 2022-Ohio-3499, ¶ 19 (if a trial court fails to give the defendant a chance to respond to new information at sentencing, such error at allocation is not prejudicial "if the defendant does not object or the court does not base its sentence on the new information").  In this opinion, we will limit our analysis accordingly.

{¶18} The case presently before us is distinguishable.  The trial court did not reference Jett's PSI in the process of fashioning a sentence or base any finding solely on information contained therein.  The findings made before sentencing can be traced directly to facts properly in the record.  Further, Gaspareno was able to demonstrate that the trial court's error in his case altered the course of sentencing, leading to a prison term where a community control sanction may otherwise have been required.  In contrast, Manns has not established that a reasonable probability exists that, in the absence of the alleged error made by the trial court, the outcome of this proceeding would have been different.

{¶19} In summary, Manns has not demonstrated that any error in referencing Jett's PSI was prejudicial.  *Grim*, 2023-Ohio-4474, ¶ 60-61; *State v. Jones*, 2024-Ohio-3308, ¶ 13-14 (8th Dist.).  Since she has failed to carry the burden of demonstrating plain error on appeal, the sole assignment of error is overruled.

### Conclusion

{¶20} Having found no error prejudicial to the appellant in the particulars assigned and argued, the judgment of Hardin County Court of Common Pleas is affirmed.

***Judgment Affirmed***

**WALDICK and ZIMMERMAN, J.J., concur.**

**/hls**