[Cite as *State v. Barber*, 2023-Ohio-2991.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

State of Ohio                                                          Court of Appeals No.  L-22-1278

       Appellee                                                     Trial Court No.  CR0202202101

v.

Frederick Barber, Jr.                                          **DECISION AND JUDGMENT**

       Appellant                                                    Decided:  August 25, 2023

* * * * *

Julia R. Bates, Lucas County Prosecuting Attorney,
Lauren Carpenter and Seth A. Stanley, Assistant Prosecuting
Attorneys, for appellee.

Henry Schaefer, for appellant.

* * * * *

**ZMUDA, J.**

## I.    Introduction

{¶ 1} Appellant, Frederick Barber, appeals the judgment of the Lucas County

Court of Common Pleas, sentencing him to one year of community control after

accepting his no contest plea and finding him guilty of attempt to commit improperly

handling firearms in a motor vehicle.  Finding no error, we affirm.

## A.     Facts and Procedural Background

**{¶ 2}** This case stems from a traffic stop involving appellant that occurred on April 3, 2022.  On that day, police observed appellant run a red light and initiated a traffic stop.  Upon approaching appellant's vehicle, officers smelled a strong odor of marijuana.  During the ensuing interaction, appellant informed the officers that he was in possession of a firearm that was located in his glove box.  A loaded magazine was also located on the left side of the driver's seat.  Appellant did not have a permit to carry a concealed weapon at the time.

**{¶ 3}** Eventually, the officers arrested appellant and conducted a search of his vehicle.  During the search, the officers discovered marijuana in an amount suitable for personal use in the center console and between the driver's seat and the center console.

**{¶ 4}** On July 6, 2022, appellant was indicted and charged with one count each of carrying concealed weapons in violation of R.C. 2923.12(A)(2) and (F)(1), and improperly handling firearms in a motor vehicle in violation of R.C. 2923.16(B) and (I), felonies of the fourth degree.  On July 27, 2022, appellant appeared for arraignment and entered a plea of not guilty to the aforementioned offenses.

**{¶ 5}** At a pretrial hearing on September 14, 2022, defense counsel informed the trial court that Ohio law concerning carrying concealed weapons (R.C. 2923.111) changed on June 14, 2022, and now allows carrying concealed weapons without a permit.  Thus, counsel asked the court to amend the plea agreement the parties were negotiating to

2.

reflect that change and its impact on the trial court's sentencing options under R.C. 1.58(B).[1]  Defense counsel conceded that R.C. 1.58(B) only affected the trial court's sentencing of appellant, not whether appellant did, in fact, commit the crimes with which he was charged.  However, because Ohio law no longer punishes carrying a concealed weapon without a permit and appellant was not yet sentenced, counsel argued that there was no longer a sentence available to impose upon appellant.

{¶ 6} In response, the state argued that appellant was not entitled to the benefit of R.C. 2923.111 because he was not a qualified adult able to possess a concealed firearm due to his marijuana possession and his admission that the marijuana was for personal consumption.  Upon consideration of the parties' arguments, the trial court took the matter under advisement and indicated its desire to "set [the matter] for [September] 29th with some argument."  The court further noted that it would not accept a plea from appellant "until we can give him full knowledge of what is going to happen."  Consequently, the trial court informed the parties that it would conduct its own research on the sentencing issue raised by appellant and directed the parties to be prepared to address the issue at the subsequent hearing.

---

[1] R.C. 1.58(B) provides: "(B) If the penalty, forfeiture, or punishment for any offense is reduced by a reenactment or amendment of a statute, the penalty, forfeiture, or punishment, if not already imposed, shall be imposed according to the statute as amended."

3.

{¶ 7} On September 29, 2022, appellant appeared for a plea hearing. At the outset of the hearing, the parties revisited the issue previously raised at the September 14, 2022 pretrial. Defense counsel reiterated that the change to R.C. 2923.111 "is not retrospective in terms of my client not being charged with the offense. The offense itself he's guilty of except for the sentencing portion of the offense." The state responded that appellant "committed the crime, yes, prior to the bill being signed, but even if we went forward today with the same facts we would still be able to prove our case on this charge. Judge, we simply state that there is nothing that has changed quite honestly. There is no reduction in the punishment for these crimes. No reduction as to the fines either."

{¶ 8} During the discussion, the state acknowledged that R.C. 2923.111 granted "certain qualifying adults to have the same carrying concealed handgun privileges as licensed carrying concealed holders have," and thus "simply expanded the ability to carry to a larger class." The court responded by observing that "the indicted offenses have not been amended." Defense counsel agreed, but noted that "the indicted offense does stem from my client not having a concealed carry permit * * *, which is no longer required."

{¶ 9} The court, focused on the question of whether appellant was entitled to the retroactive application of R.C. 2923.111, replied that "while the acts subsequently became lawful, the prior conduct was not at the time. A statute is presumed to be prospective in its operation unless it speaks specifically to the retrospective. If we look at [R.C. 2923.111] it is silent as to whether or not it has any retrospective application."

4.

Referencing the interplay between R.C. 1.58(B) and the amendments to R.C. 2923.111, the court stated: "I could not impose a punishment that didn't exist, but it didn't amend the punishment. The punishment still exists." Thus, the trial court determined that the conduct was criminal when appellant committed it, and the penalty for such criminal conduct survived the amendments to R.C. 2923.111.

{¶ 10} Thereafter, the trial court recessed and asked the parties to further discuss this issue in an attempt to reach an agreement. When the parties returned, the following colloquy took place:

[DEFENSE COUNSEL]: Well, Your Honor, the nuance part of [R.C. 2923.111] with regard to qualified adult. Your Honor, my client, even with an Ohio medical marijuana license to possess it, still would not be a qualifying adult because of federal law, Your Honor. Even though federal law would not be enforced against him nor has it been to anybody in Lucas County, at least that I know of, since the referendum made marijuana medically legal in Ohio.

However, technically he would not be a qualifying individual, and I would expect that the Lucas County Prosecutor's Office, and perhaps the Sheriff's Office, would issue some sort of press release notifying every medical marijuana user in the area they are not permitted to open carry in states as long as they have that license, because nobody else would know.

THE COURT: I'm sorry.  So that's a slightly different twist than what you went in there with.

[DEFENSE COUNSEL]: Correct.

THE COURT: Is the State taking a position based on the fact that he is not a qualifying person?

[THE STATE]: Judge, that is part of what we discussed back there when reviewing [R.C. 2923.111(A)(2)].  We reviewed the definition of a qualifying adult.  Part A says 21 years of age or older, which Mr. Barber would be.  Part two says not legally prohibited from possessing or receiving a firearm under 18 U.S.C. 922(g)(1)-(9).

Specifically, in 18 U.S.C. we would be looking at section three, the part where it says who is an unlawful user of or addicted to any controlled substance as defined in section 102 of the Controlled Substances Act, 21 U.S.C. 802.

* * *

In this case Mr. Barber had marijuana on him.  He informed the officers on this case it was for personal use.

THE COURT: Did he have a medical marijuana –

[DEFENSE COUNSEL]: Subsequently he has gotten a medical marijuana card, but according to the Prosecution's definition it still wouldn't matter.

THE COURT: Well, let's just keep what we do know. He didn't have a medical marijuana card at the time so that does make him an unlawful user, correct?

[DEFENSE COUNSEL]: At the time.

THE COURT: At the time.

[DEFENSE COUNSEL]: Present day it would not – well, actually present day it still would – still would present day.

* * *

According to the definition with regard to who is not a qualified person anybody who has a medical marijuana card in the State of Ohio would still not be a qualified person because of the Federal statute that still criminalizes marijuana even though it has not been enforced.

{¶ 11} After defense counsel agreed that appellant was an unlawful user of marijuana at the time of his arrest, and was therefore not a "qualifying adult" under R.C. 2923.111(A)(2)(b), the trial court asked appellant, "Are you willing to go forward with the plea at this time, or how do you wish to handle this?" Defense counsel responded, "We can go forward with a plea, Your Honor."

7.

**{¶ 12}** Ultimately, defense counsel indicated appellant's willingness to move forward with the parties' plea agreement, under which the state agreed to dismiss the charge for carrying concealed weapons and amend the remaining charge to attempt to commit improperly handling firearms in a motor vehicle in violation of R.C. 2923.16(B) and (I), a felony of the fifth degree. Notably, defense counsel did not raise any constitutional challenges or argue that 18 U.S.C. 922(g)(3) was inapplicable to appellant at the plea hearing.

**{¶ 13}** Thereafter, the trial court conducted a Crim.R. 11 colloquy with appellant, received the state's recitation of the factual predicate for the amended charge, and accepted appellant's no contest plea. Ultimately, the trial court found appellant guilty of attempt to commit improperly handling firearms in a motor vehicle. The trial court immediately proceeded to sentencing, ordering appellant to serve 12 months of community control.

**{¶ 14}** On October 21, 2022, the trial court journalized its judgment entry. On November 21, 2022, appellant filed his timely notice of appeal, which he amended with leave of court on December 2, 2022.

### B. Assignments of Error

**{¶ 15}** On appeal, appellant assigns the following errors for our review:

I. 18 U.S.C. 922(g) is facially unconstitutional and the prosecution cannot rely on it for a conviction.

8.

II. The court erred in finding Mr. Barber guilty of 2923.16(B), because 2923.16(B) is unconstitutional.

{¶ 16} Because appellant's assignments of error are interrelated, we will address them simultaneously.

## II.     Analysis

{¶ 17} In his assignments of error, appellant argues that the trial court erred in finding him guilty of attempt to commit improperly handling firearms in a motor vehicle because 18 U.S.C. 922(g) and R.C. 2923.16(B) are unconstitutional.

{¶ 18} As noted above, appellant pled no contest and was found guilty of attempt to commit improperly handling firearms in a motor vehicle in violation of R.C. 2923.16(B), which provides: "[n]o person shall knowingly transport or have a loaded firearm in a motor vehicle in such a manner that the firearm is accessible to the operator or any passenger without leaving the vehicle."  Notably, the prohibition against possession of a loaded firearm in a motor vehicle generally does not apply to one who has "been issued a concealed handgun license that is valid at the time in question."  R.C. 2923.16(F)(5)(a).

{¶ 19} Further, under the recently-enacted R.C. 2923.111, qualifying adults are no longer required to obtain a permit to carry a concealed handgun that is not a restricted firearm.  Relevant here, R.C. 2923.111(B) provides:

(B) Notwithstanding any other Revised Code section to the contrary:

9.

(1) A person who is a qualifying adult shall not be required to obtain a concealed handgun license in order to carry in this state, under authority of division (B)(2) of this section, a concealed handgun that is not a restricted firearm.

(2) Regardless of whether the person has been issued a concealed handgun license, subject to the limitations specified in divisions (B)(3) and (C)(2) of this section, a person who is a qualifying adult may carry a concealed handgun that is not a restricted firearm anywhere in this state in which a person who has been issued a concealed handgun license may carry a concealed handgun.

(3) The right of a person who is a qualifying adult to carry a concealed handgun that is not a restricted firearm that is granted under divisions (B)(1) and (2) of this section is the same right as is granted to a person who has been issued a concealed handgun license, and a qualifying adult who is granted the right is subject to the same restrictions as apply to a person who has been issued a concealed handgun license.

**{¶ 20}** The foregoing language establishes that qualifying adults are now entitled to the same rights and subject to same restrictions as those who have been issued a concealed handgun license. R.C. 2923.111(B)(3). Considered in light of the concealed handgun license exclusion in R.C. 2923.16(F)(5)(a), this language leads to the conclusion

10.

that a qualifying adult who is in possession of a loaded firearm in their vehicle without a concealed handgun license is no longer subject to prosecution for improperly handling firearms in a motor vehicle under R.C. 2923.16. This is the sequence of logical reasoning embedded in the parties' arguments at the trial court.

{¶ 21} The facts articulated by the state at the plea hearing clearly establish that appellant possessed a loaded firearm in his motor vehicle at the time of the traffic stop. Further, there is no dispute that appellant has not been issued a concealed handgun license. Nonetheless, appellant insisted in the trial court that he was entitled to the retroactive application of R.C. 2923.111, which became effective after appellant committed the offense at issue in this case. Consequently, appellant initially argued in the trial court that he could not be sentenced under R.C. 2923.16.

{¶ 22} Appellant initially argued that R.C. 2923.111, when applied retroactively, protected him against any criminal punishment attributable to his undisputed possession of a loaded firearm in his motor vehicle. In response, the state pointed out that appellant was not a "qualifying adult" under R.C. 2923.111(B), and thus was not entitled to the benefit of any protections thereunder.

{¶ 23} According to R.C. 2923.111(A)(2)(b), a "qualifying adult" is defined as a person who, among other things, is "[n]ot legally prohibited from possessing or receiving a firearm under 18 U.S.C. 922(g)(1) to (9) or under section 2923.13 of the Revised Code or any other Revised Code provision." At the time of the traffic stop, appellant was in

11.

possession of marijuana, a controlled substance under federal law. Thus, appellant was prohibited from possessing or receiving a firearm pursuant to 18 U.S.C. 922(g)(3), under which it is unlawful for any person "who is an unlawful user of * * * any controlled substance (as defined in section 102 of the Controlled Substances Act (21 U.S.C. 802))" to "possess in or affecting commerce, any firearm or ammunition."

{¶ 24} Appellant did not disagree with the state's argument that he was not a qualifying adult. Rather, appellant eventually conceded that he was not a qualifying adult and entered his no contest plea without further argument. Despite his concession at the trial court, appellant now argues that the trial court erred in sentencing him under R.C. 2923.16(B) because that statute, as well as 18 U.S.C. 922(g), are unconstitutional.

{¶ 25} The constitutionality of a statute is a question of law that we consider de novo. *Cleveland v. State*, 157 Ohio St.3d 330, 2019-Ohio-3820, 136 N.E.3d 466, ¶ 15; *David P. v. Kim D.*, 6th Dist. Lucas No. L-06-1164, 2007-Ohio-1865, ¶ 15, citing *Andreyko v. Cincinnati*, 153 Ohio App.3d 108, 2003-Ohio-2759, 791 N.E.2d 1025, ¶ 11 (1st Dist.). Because statutes are presumed constitutional, any challenge must be proven beyond a reasonable doubt. *Beagle v. Walden*, 78 Ohio St.3d 59, 61, 676 N.E.2d 506 (1997).

{¶ 26} "'[T]he question of the constitutionality of a statute must generally be raised at the first opportunity and, in a criminal prosecution, this means in the trial court.'" *State v. Buttery*, 162 Ohio St.3d 10, 2020-Ohio-2998, 164 N.E.3d 294, ¶ 7,

12.

quoting *State v. Awan*, 22 Ohio St.3d 120, 122, 489 N.E.2d 277 (1986). "Failure to raise at the trial court level the issue of the constitutionality of a statute or its application, which issue is apparent at the time of trial, constitutes a waiver of such issue and a deviation from this state's orderly procedure, and therefore need not be heard for the first time on appeal." *Awan* at the syllabus.

{¶ 27} We note at the outset that appellant failed to challenge the constitutionality of R.C. 2923.16(B) or 18 U.S.C. 922(g) in the trial court and instead conceded that he was not a qualifying adult under R.C. 2923.111(B) because his marijuana possession was unlawful under 18 U.S.C. 922(g)(3). Therefore, we find that appellant has forfeited any review of those arguments on appeal.

{¶ 28} Appellant neither references his failure to assert his constitutional arguments in the trial court nor argues that the trial court committed plain error below. Nevertheless, "this court has discretion to consider a forfeited constitutional challenge to a statute. We may review the trial court decision for plain error * * *." *State v. Quarterman*, 140 Ohio St.3d 464, 2014-Ohio-4034, 19 N.E.3d 900, ¶ 16. To establish plain error, appellant must show that there was a plain or obvious error, that but for the error the outcome of the proceeding would have been otherwise, and that reversal is necessary to correct a manifest miscarriage of justice. *Id.*

{¶ 29} Our review of the relevant case law reveals that courts generally proceed to conduct a plain error analysis as to forfeited constitutional arguments, and we will do so

13.

in this case. Upon review, we find that appellant cannot demonstrate plain error in the proceedings below.

{¶ 30} The federal district court case appellant relies upon in making his constitutionality argument concerning 18 U.S.C. 922(g)(3), *United State v. Harrison*, --- F.Supp.3d ----, 2023 WL 1771138 (W.D. Okla. 2023), is not controlling authority and is undercut by other decisions by different federal district courts. *See United States v. Hart*, --- F.Supp.3d ----, 2023 WL 4144834, *1 (W.D. Mo. 2023) (declining to follow *Harrison* and noting that challenges "for unlawful user of a controlled substance in possession of a firearm have survived Second Amendment scrutiny after *Bruen*, both in this Court and in other jurisdictions"); *United States v. Lewis*, --- F.Supp.3d ----, 2023 WL 4604563 (S.D. Ala. 2023) (recognizing a split of authority as to the constitutionality of 18 U.S.C. 922(g)(3) but ultimately upholding the statute after rejecting the analysis contained in *Harrison*). Additionally, appellant's constitutionality argument concerning R.C. 2923.16(B) has already been examined and rejected by other Ohio courts. *See State v. Robinson*, 2015-Ohio-4649, 48 N.E.3d 1030, ¶ 17-18 (12th Dist.) (finding that R.C. 2923.16 does not unconstitutionally infringe upon right to keep and bear arms; statute does not operate as blanket prohibition on transporting firearms while traveling by vehicle); *State v.* Shover, 2014-Ohio-373, 8 N.E.3d 358 (9th Dist.), *appeal not allowed* 139 Ohio St.3d 1406, 9 N.E.3d 1063, 2014-Ohio-2245 (concluding that R.C. 2923.16(B)

14.

is narrowly tailored to promote public safety, thereby finding that the statute does not violate Second Amendment).

{¶ 31} In sum, we hold that appellant forfeited his constitutionality arguments by failing to raise them for the first time in the trial court. Further, we conclude that appellant has not established plain error. Accordingly, we find appellant's assignments of error not well-taken.

### III. Conclusion

{¶ 32} In light of the foregoing, the judgment of the Lucas County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Gene A. Zmuda, J.

_____
JUDGE

Myron C. Duhart, P.J.

_____
JUDGE

Charles E. Sulek, J.
CONCUR.

_____
JUDGE

This decision is subject to further editing by the Supreme Court of
Ohio's Reporter of Decisions.  Parties interested in viewing the final reported
version are advised to visit the Ohio Supreme Court's web site at:
http://www.supremecourt.ohio.gov/ROD/docs/.