**[Cite as *Wakeman v. Smith*, 2024-Ohio-1067.]**

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
HURON COUNTY

| | |
|---|---|
| Village of Wakeman | Court of Appeals No.   H-22-013 |
| Appellee | Trial Court No. CRB220299 |
| v. | |
| Sherwood D. Smith | **DECISION AND JUDGMENT** |
| Appellant | Decided: March 22, 2024 |

* * * * *

Steven Palmer, Village of Wakeman Law
Director, for appellee.

Brent L. English, for appellant.

* * * * *

{¶ 1} This is an appeal from the judgment by the Norwalk Municipal Court, which sentenced defendant-appellant, Sherwood Smith, to pay fines and court costs totaling $3,282.84 after convicting him of five counts of violations of the junk motor vehicle ordinance enacted by plaintiff-appellee, village of Wakeman. For the reasons set forth below, this court affirms, in part, and reverses, in part, the judgment of the trial court.

## I. Background

**{¶ 2}** On April 7, 2022, appellee filed complaints against appellant alleging violations, as of April 5, of Wakeman Municipal Code 303.10(b) and 303.10(f), regarding five different vehicles it deemed were "junk motor vehicles" located at appellant's property known as 39 South Pleasant Street, Wakeman, Huron County, Ohio. The five alleged junk motor vehicles are: (1) a 1989 light blue Buick LeSabre with expired Ohio plate No. HSG8211, (2) a 2003 maroon Nissan Maxima with unexpired Ohio plate No. JJT3671, (3) a 2006 silver Honda Civic hybrid with no plate, (4) a 2002 red Mercury Sable with expired Ohio plate No. HYJ8468, and (5) a 2003 white Subaru Forester with no plate. The complaint alleged appellant had five previous convictions for "junk motor vehicles" in 2019, 2020, and 2021.

**{¶ 3}** Wakeman Municipal Code 303.10(b) states the following violation:

> No person shall willfully leave a junk motor vehicle with the permission of the person having the right to the possession of the property on which the junk motor vehicle is left covered or uncovered in the open for more than twenty-four consecutive hours. Junk motor vehicles and collector vehicles, defined as any motor vehicle or agricultural tractor or traction engine that is of special interest, that has a fair market value of one hundred dollars or more, whether operable or not, and that is owned, operated, collected, preserved, restored, maintained, or used essentially as a collector's item, leisure pursuit, or investment, but not as the owner's

2.

principal means of transportation, pursuant to Ohio R.C. 4501.01(F) shall be covered by being housed in a garage or other suitable structure or shall be removed from the property.

{¶ 4} We then look to Wakeman Municipal Code 303.10(a), which defines a "junk motor vehicle" as:

[A]ny motor vehicle that is not currently registered and operable, defined as being capable of operation on a public street and meeting all safety requirements for such operation that is left covered or uncovered in the open on private property for more than twenty-four consecutive hours with the permission of the person having the right to the possession of the property, except if the person is operating a junk yard or scrap metal processing facility licensed under authority of Ohio R.C. 4737.05 to 4737.12; or regulated under authority of the Municipality.

{¶ 5} Wakeman Municipal Code 303.10(f) then provides the penalty in the presence of prior offenses, stating, "If, within three years of the offense, the offender previously was convicted of or pleaded guilty to one or more violations of this section, the offense is an unclassified misdemeanor. When the offense is an unclassified misdemeanor, the offender shall be fined no less than five hundred dollars but no more than one thousand dollars."

{¶ 6} Appellant, acting pro se, pled not guilty, and the matter proceeded to a bench trial on July 27, 2022. Prior to the start of the trial, appellant alleged appellee offered a

3.

plea deal that, "If you get those cars down to one or two, we will just drop all charges," which appellant denied. The trial court found that in the absence of an agreement between the parties, the trial would proceed. The trial court heard testimony from three witnesses, including appellant, and admitted 13 exhibits into evidence. The trial court found appellant guilty of all five offenses. Sentencing occurred on August 31, 2022, and by then appellant was represented by counsel. The trial court ordered appellant to pay a $600 dollar fine for each offense plus court costs, totaling $3,282.84.

{¶ 7} Appellant timely appealed and set forth four assignments of error:

1.      The Village of Wakeman, Ohio failed to prove beyond a reasonable doubt each and every element of the offenses of maintaining one or more "junked vehicles" on the Defendant-Appellant's real property at 32 Pleasant Street, Wakeman, Ohio 44889 and thus the judgments of conviction were not supported by sufficient evidence.

2.      The judgments of conviction for maintaining five supposedly "junk vehicles" on Sherwood Smith's real property in Wakeman, Ohio were against the manifest weight of the evidence.

3.      Wakeman Codified Ordinance Section 303.10 is unconstitutional because it runs afoul of a state statute of general application.

4.      Wakeman Codified Ordinance Section 303.10 is unconstitutionally vague and/or is unconstitutional as applied.

## II. CONSTITUTIONALITY OF MUNICIPAL ORDINANCE

**{¶ 8}** We first address appellant's third and fourth assignments of error together for their challenges to the constitutionality of Wakeman Municipal Code 303.10.

**{¶ 9}** In support of his third assignment of error, appellant argues Wakeman Municipal Code 303.10 is unconstitutional because it impermissibly conflicts with R.C. 4513.65 in violation of Article XVIII, Section 3 of the Ohio Constitution, the village's home rule authority, in three ways: (1) it is an exercise of police power rather than self-government; (2) it directly conflicts with the limits imposed by R.C. 4513.65 for the definition of a "junk motor vehicle"; and (3) R.C. 4513.65 is a rule of conduct imposed on citizens generally. Consequently, the village of Wakeman was without authority to enact Wakeman Municipal Code 303.10 in conflict with R.C. 4513.65, and the ordinance is a nullity.

**{¶ 10}** In support of his fourth assignment of error, appellant argues Wakeman Municipal Code 303.10 is unconstitutionally void-for-vagueness on its face and as applied to him. Appellant argues the ordinance's definition of "operable, defined as being capable of operation on a public street and meeting all safety requirements for such operation" is facially void-for-vagueness because a person of ordinary intelligence cannot ascertain the lawful or safe conduct from the unlawful or unsafe operation where the "safety requirements" are not identified and do not refer to R.C. 4513.65. Appellant argues the ordinance is unconstitutionally void-for-vagueness as applied to him because

5.

he cannot be convicted for a crime for violating an ordinance that is a legal nullity without force or effect.

{¶ 11} Appellee responds that a constitutional challenge raised for the first time on appeal is reviewed for plain error, citing *State v. Quarterman*, 140 Ohio St.3d 464, 2014-Ohio-4034, 19 N.E.3d 900, ¶ 19 and *State v. Brandeberry*, 6th Dist. Lucas No. L-16-1137, 2017-Ohio-5676, ¶ 22. However, rather than provide any plain error analysis, appellee substantively argues Wakeman Municipal Code 303.10 is constitutional for two reasons: (1) "R.C. 4513.65(A), paragraph 2 provides a political subdivision has the ability to regulate such vehicles stored in the open. By reference to political subdivisions, it suggests that junk motor vehicle regulation was not intended to operate uniformly throughout the state"; and (2) the municipal code meets the three-part analysis for void-for-vagueness challenges both on its face and as-applied to appellant.

{¶ 12} It is undisputed the trial court did not first determine the constitutional challenges appellant raises on appeal. Where appellant failed to specifically preserve with the trial court either of his constitutional challenges, he waived them. *State v. Hacker*, Slip Opinion No. 2023-Ohio-2535, ¶ 26, fn. 2, citing *State v. Awan*, 22 Ohio St.3d 120, 122, 489 N.E.2d 277 (1986), fn. 1. "Failure to raise at the trial court level the issue of the constitutionality of a statute or its application, which issue is apparent at the time of trial, constitutes a waiver of such issue and a deviation from this state's orderly procedure, and therefore need not be heard for the first time on appeal." *Awan* at the syllabus.

6.

**{¶ 13}** This court may exercise its discretion to review whether the trial court committed plain error with respect to forfeited constitutional arguments. *State v. Barber*, 6th Dist. Lucas No. L-22-1278, 2023-Ohio-2991, ¶ 28, citing *Quarterman* at ¶ 16. However, we decline to do so in this case where the record is bereft of briefing, arguing, and lower court consideration of the constitutional arguments; appellee's brief makes only a passing reference to the plain error doctrine; and appellant's reply brief still "has not dealt with the plain error analysis applicable to this appeal." *Quarterman* at ¶ 18-19. Accordingly, we decline to decide the constitutionality of Wakeman Municipal Code 303.10 or whether its application in this case rises to plain error, because those issues were not properly raised or presented. *Id.* at ¶ 20.

**{¶ 14}** Appellant's third and fourth assignments of error are found not well-taken.

### III. Sufficiency of Evidence

**{¶ 15}** Appellant's first assignment of error argues appellee failed to meet its burden to produce sufficient evidence to convict him of each offense. Appellant argues that the definition of a "junk motor vehicle" required appellee to prove beyond a reasonable doubt that each of the five vehicles was both not "currently registered and operable" as of the date of the offense, April 5, 2022.

**{¶ 16}** For the "currently registered" element, appellant argues appellee failed to meet its burden because its evidence at trial for the registration status of each vehicle was outdated from February 18, and appellant's evidence at the July 27 trial showed that all five vehicles were currently registered and drivable. For the "currently operable"

7.

element, appellant argues appellee failed to meet its burden because appellee submitted no evidence that each vehicle was not currently "operable," defined by the ordinance as "capable of operation on a public street and meeting all safety requirements for such operation." Appellant argues appellee failed to present sufficient evidence at trial of each vehicle's capability to operate on a public street and the safety requirements for such operation.

{¶ 17} Appellant points to appellee's police chief specifically admitting at trial that one vehicle's registration, the 2003 Nissan Maxima, was "not expired" and did not have any flat tires, but had "low" tires. Appellant argues the police chief's assumptions that each vehicle was not operable was not based on any relevant evidence, but his irrelevant personal opinions that each vehicle had not moved "for a while" or, in the case of the Nissan Maxima, that someone was sleeping in the vehicle.

{¶ 18} Appellee responds that sufficient evidence was presented at trial for each element of violating Wakeman Municipal Code 303.10(b). Appellee points to the police chief's testimony at trial confirming that each of the five vehicles, with the exception of the 2003 Nissan Maxima, was not currently registered as of the date of his photos, February 18, 2022. Further, the police chief testified at trial that in his opinion, each vehicle had not been moved since the date of his photos, which was more than 24 hours. The police chief also testified that in his opinion each vehicle could not be safely operated on public streets, mostly due to flat tires.

8.

The test for sufficiency of the evidence is "whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." "'Proof beyond a reasonable doubt' is proof of such character that an ordinary person would be willing to rely and act upon it in the most important of the person's own affairs." A sufficiency-of-the-evidence challenge asks whether the evidence adduced at trial "is legally sufficient to support the jury verdict as a matter of law." (Citations omitted.)

*State v. Worley*, 164 Ohio St.3d 589, 2021-Ohio-2207, 174 N.E.3d 754, ¶ 57.

**{¶ 19}** The essential elements for appellant's violation of Wakeman Municipal Code 303.10(b) are: (1) willful conduct by appellant, (2) with a "junk motor vehicle" as defined by Wakeman Municipal Code 303.10(a), (3) located at appellant's property, (4) with his permission, (5) where the junk motor vehicle is in the open, covered or uncovered, and (6) for more than 24 consecutive hours. Appellant's assignment of error only challenges one of the foregoing elements: after viewing the evidence in a light most favorable to appellee, no rational trier of fact could have found beyond a reasonable doubt that each of the five vehicles was a "junk motor vehicle."

**{¶ 20}** The essential elements of appellant's violation of a "junk motor vehicle" under Wakeman Municipal Code 303.10(a) are: (1) a motor vehicle, (2) not currently registered, (3) not currently operating as being capable of operation on a public street and

9.

meeting all safety requirements for such operation, (3) located at appellant's private property, (4) with his permission, (5) where the junk motor vehicle is in the open, covered or uncovered, and (6) for more than 24 consecutive hours.

{¶ 21} With respect to the 2003 Nissan Maxima, appellee concedes that the evidence admitted at trial showed the vehicle was currently registered. That concession means it was not a "junk motor vehicle," and no rational trier of fact could have found that appellant violated Wakeman Municipal Code 303.10(b) with respect to the 2003 Nissan Maxima.

{¶ 22} With respect to the other four vehicles, appellant argues that the photos taken by the police chief did not corroborate the police chief's opinions that each vehicle could not be safely operated on public streets because no photo taken by the police chief on February 18, 2022, showed a vehicle with flat tires. Appellee's photographic evidence demonstrated that four of the five vehicles could not be legally operated on public streets, due to expired registrations. While such illegal operation was proffered by appellee to be equated with unsafe operation that meets the definition of "junk motor vehicle," this reasoning would render part of the definition under the Code superfluous, and is unnecessary based on evidence supporting a finding that the vehicles were both unregistered and inoperable.

{¶ 23} Wakeman Municipal Code 303.10(a) clearly requires current registration *and* operability, with "operable" further defined as "being capable of operation on a public street and meeting all safety requirements for such operation[.]" This provision

10.

can be read as addressing both permissible use (registration) and safe use (operability). The record contains sufficient evidence of both, with evidence that four of the five vehicles remained on appellant's property in a condition that demonstrated it was both impermissible to operate the vehicle based on lack of current registration, and that the vehicles were incapable of safe operation on the roadway. Appellant's own testimony provided evidence of inoperability, with appellant acknowledging the vehicles "were sitting there with flats and things like that, I just didn't have them plated," and "I moved them around periodically to try to show that they were operable. But I can't drive them on the street." Evidence that demonstrates flat tires goes to operability of the vehicle. *See, e.g., Ottawa Hills v. Afjeh,* 6th Dist. Lucas No. L-12-1093, 2013-Ohio-1474, ¶ 14 (in a case involving nuisance violations, evidence included "two cars in appellant's driveway with flat tires, which clearly rendered the vehicles inoperable.").

**{¶ 24}** Based on the foregoing, we find that sufficient evidence was submitted to the fact-finder such that, after viewing the evidence in a light most favorable to appellee, any rational trier of fact could have found beyond a reasonable doubt the essential elements of appellant violating Wakeman Municipal Code 303.10(b) for four-out-of-five vehicles. We further find that insufficient evidence was submitted to the fact-finder such that, after viewing the evidence in a light most favorable to appellee, any rational trier of fact could have found beyond a reasonable doubt the essential elements of appellant violating Wakeman Municipal Code 303.10(b) for the 2003 Nissan Maxima.

**{¶ 25}** Appellant's first assignment of error is well-taken, in part.

11.

## IV. Manifest Weight of the Evidence

{¶ 26} In support of his third assignment of error, appellant argues his convictions should be reversed because the fact-finder lost its way for two reasons: (1) "the trial court had no evidence that the cars in question were not properly registered as of the date of the alleged violations, April 5, 2022"; and (2) "there was no evidence whatsoever that the vehicles were not operable" when appellant testified that each of the vehicles was, in fact, drivable.

{¶ 27} In response, appellee argues the manifest weight of the evidence at trial supports appellant's convictions. The police chief testified regarding the Ohio Bureau of Motor Vehicle's report dated May 20, 2022 of the expired or lack of registrations for four vehicles as of April 5, while conceding the unexpired registration for the 2003 Nissan Maxima. The police chief further testified regarding his opinions that the five vehicles could not be safely operated on public streets because of flat tires and other safety concerns.

{¶ 28} "To evaluate a manifest-weight claim, we must review the entire record, weigh the evidence and all reasonable inferences, and consider the credibility of all the witnesses." *State v. McKelton*, 148 Ohio St.3d 261, 2016-Ohio-5735, 70 N.E.3d 508, ¶ 328. We must decide if the jury clearly lost its way in resolving conflicts in the evidence to create a manifest miscarriage of justice such that the conviction must be reversed and a new trial ordered. *Id.* A manifest-weight claim questions the effect of the evidence in inducing belief of appellant's guilt by questioning whether the jury could find the

12.

inclination of a greater amount of credible evidence was admitted at trial to sustain that decision than not. *State v. Thompkins*, 78 Ohio St.3d 380, 387, 678 N.E.2d 541 (1997). The discretionary power to grant a new trial is in the exceptional case in which the evidence weighs heavily against the conviction. *Id.* The unanimous concurrence of all three judges of a court of appeals panel is required to overturn, on the weight of evidence, a judgment that results from a jury. *Id.* at 389.

{¶ 29} In light of the testimony and evidence previously discussed, we find that any rational fact-finder could have found the inclination of a greater amount of credible evidence was admitted at trial than not to induce the fact-finder's belief of appellant's guilt for violating Wakeman Municipal Code 303.10(b) for four vehicles. However, we find that with respect to the 2003 Nissan Maxima, an exceptional instance from the record exists where the evidence admitted at trial weighs heavily against that conviction.

{¶ 30} Appellant's second assignment of error is well-taken, in part.

### IV. Conclusion

{¶ 31} On consideration whereof, the judgment of the Huron Municipal Court is affirmed, in part, and reversed, in part. The judgment is affirmed with respect to the 1989 light blue Buick LeSabre with expired Ohio plate No. HSG8211, the 2006 silver Honda Civic hybrid with no plate, the 2002 red Mercury Sable with expired Ohio plate No. HYJ8468, and the 2003 white Subaru Forester with no plate. The judgment is reversed and vacated with respect to the 2003 maroon Nissan Maxima with unexpired Ohio plate No. JJT3671.

13.

**{¶ 32}** Appellee is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed, in part,
and reversed and vacated, in part.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Thomas J. Osowik, J.          

_____
JUDGE

Gene A. Zmuda, J.          

_____
JUDGE

Myron C. Duhart, J.         
CONCUR.

_____
JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.