[Cite as *State v. Rivera*, 2025-Ohio-314.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
WOOD COUNTY

State of Ohio                                          Court of Appeals No.  WD-24-030

    Appellee                                      Trial Court No. 2022 CR 0162

v.

Nathaniel D. Rivera                            **DECISION AND JUDGMENT**

    Appellant                                     Decided: January 31, 2025

* * * * *

Paul A. Dobson, Wood County Prosecuting Attorney, and
David T. Harold, Chief Assistant Prosecuting Attorney, for appellee.

Samuel E. Gold, for appellant.

* * * * *

**ZMUDA, J.**

## I.  Introduction

{¶ 1} Appellant, Nathaniel Rivera, appeals the April 9, 2024 judgment of the

Wood County Court of Common Pleas finding him guilty of aggravated vehicular assault

and vehicular assault, and sentencing him to prison terms of 60 months and 18 months to

be served concurrently, for a total aggregate sentence of 60 months. On appeal, appellant challenges his aggregate sentence. For the reasons that follow, we find appellant's assignment of error not well-taken and affirm the judgment of the trial court.

## II. Facts and Procedural History

{¶ 2} On April 21, 2022, appellant was indicted by a grand jury in the Wood County Court of Common Pleas on one count of aggravated vehicular homicide in violation of R.C. 2903.06(A)(1)(a) and 2603.06(B)(2)(a), a second-degree felony (count 1); one count of aggravated vehicular homicide in violation of R.C. 2903.06(A)(2)(a) and 2903.06(B)(3), a third-degree felony (count 2); one count of aggravated vehicular assault in violation of R.C. 2903.08(A)(1)(a) and 2903.08(B)(1), a third-degree felony (count 3); one count of aggravated vehicular assault in violation of R.C. 2903.08(A)(1)(a) and 2903.08(B)(1), a third-degree felony (count 4); and one count of operating a vehicle under the influence of alcohol, a drug of abuse, or a combination of them (OVI) in violation of R.C. 4511.19(A)(1)(a) and 4511.19(G)(1)(a), a first degree misdemeanor (count 5).

{¶ 3} The charges in this case stemmed from a single motor vehicle crash. Appellant was driving a vehicle in the early morning hours of April 8, 2021 with three passengers— his girlfriend, M.E., and her two young children, C.F. and B.F. Appellant, who had just been released from prison in Michigan, had stayed up the entire night before talking with M.E. in a hotel room in Michigan. M.E.'s two children, who had stayed the

2.

night in the hotel room with appellant and M.E., attended school in Ohio, and appellant was driving them to school at the time of the crash. Both children were sleeping in the vehicle's back seat, but neither was in a child safety or booster seat. Appellant drove the car off the road, crashing into a concrete culvert. C.F. was killed shortly after impact. B.F., M.E., and appellant were seriously injured.

{¶ 4} Appellant had a history of substance abuse, so police requested a urine screen from the hospital treating appellant for his injuries. The screen was positive for THC and opioids, though appellant denied that he was intoxicated at the time of the accident, claiming that the THC was a result of using marijuana weeks before and that he had been administered opioid pain medication by the hospital after the accident.

{¶ 5} Appellant initially pleaded not guilty to the charges in the indictment, but he later entered into a written plea agreement with the state, and the state amended the indictment. Under the plea agreement, appellant agreed to plead guilty to count 2, aggravated vehicular homicide in violation of R.C. 2903.06(A)(2)(a) and (B)(3) and amended count 4, vehicular assault in violation of R.C. 2903.08(A)(2)(b) and (C)(2). In exchange, the state agreed to dismiss counts 1, 3, and 5 of the indictment at sentencing and not to make a sentencing recommendation. The trial court held a plea hearing, and following a plea colloquy pursuant to Crim.R. 11, the trial court accepted appellant's guilty plea.

3.

{¶ 6} The trial court held a sentencing hearing on March 21, 2024. At the hearing, the court heard a statement from M.E.'s mother, the grandmother of C.F. and B.F. The appellant also spoke, expressing remorse and asserting that he had been sober for over two years and was employed. Appellant's attorney requested that in sentencing appellant, the court take into consideration appellant's completion of an inpatient treatment program and his continued participation in drug addiction treatment, as well as his current employment and family support.

{¶ 7} The court reviewed the presentence investigation report, and following a discussion of appellant's criminal history and substance addictions, the court reviewed the seriousness of the offense. Based on those factors, the court imposed a period of incarceration of 60 months for count 2, aggravated vehicular homicide, and a period of 18 months for count 4, vehicular assault, to be served concurrently.

{¶ 8} Later that day, the trial court issued an order finding that a resentencing hearing was required. The court's journal entry explained that following its hearing that day, "the court was informed that the Defendant's criminal history did not reflect accurately within the charges." Accordingly, the trial court found a resentencing hearing was required, scheduling the hearing for April 4, 2024.

{¶ 9} On that day, appellant presented a new argument not raised at the March 21, 2024 sentencing hearing. He argued that his conviction for violating R.C. 2903.06 (count 1), did not support a sentence of 60 months under R.C. 2929.14(A)(3)(a). He claimed

4.

that R.C. 2929.14(A)(3)(a), which provides for the possibility of a longer sentence for a third-degree felony if the defendant is convicted of violating certain statutes—including R.C. 2903.06—did not apply to him. He believed that to be sentenced under R.C. 2929.14(A)(3)(a), he must also have been convicted of violating R.C. 4511.19(A). Because appellant had not been so convicted, appellant argued that he should not have been sentenced under that R.C. 2929.14(A)(3)(a).  Although appellant characterized R.C. 2929.14(A)(3) as "poorly written," he did not assert any arguments regarding the constitutionality of R.C. 2929.14(A)(3).

{¶ 10} The state argued that the list of statutes in R.C. 2929.14(A)(3)(a) was to be read as a disjunctive list of groups, though the state conceded that the legislature should have used different punctuation for clarity.  Under the state's interpretation, violations of R.C. 2903.06 and violations of R.C. 4511.19 were in separate groups, so the statute applied to appellant based on his conviction for violating R.C. 2903.06 alone without regard to whether appellant had been convicted of violating R.C. 4511.19.

{¶ 11} The trial court agreed with the state, despite noting that R.C. 2929.14(A)(3)(a) was "poorly worded" with "poor punctuation."  Accordingly, the trial court confirmed the sentence ordered at the previous hearing.

{¶ 12} On April 9, 2024, the court issued a judgment entry of sentencing reflecting the events of the sentencing hearing on March 21, 2024.  The entry stated that the court had reviewed the presentence investigation report and heard statements from appellant

5.

and a victim's family member. In addition, the entry stated that the court considered the principles and purposes of sentencing under R.C. 2929.11 and the factors set forth in R.C. 2929.12, and weighed the factors in R.C. 2929.13 and R.C. 2929.14 to find that appellant was not amenable to community control and prison was appropriate. The sentencing entry then imposed the sentences as ordered by the court in the March 21, 2024 sentencing hearing.

{¶ 13} This appeal followed.

### III. Assignments of Error

{¶ 14} Appellant asserts the following assignments of error on appeal:

1. The Trial Court erred to the prejudice of the Appellant by imposing 60 months incarceration.

2. The Application of R.C. 2929.14(A)(3)(a) is Unconstitutionally Vague.

### IV. Law and Analysis

{¶ 15} Appellant challenges his sentence, arguing both that the trial court should not have imposed a prison sentence when he was amenable to community control and that R.C. 2929.14(A)(3)(a) is unconstitutional due to vagueness and therefore his sentence is unconstitutional. We address each argument in turn.

### A. First Assignment of Error

{¶ 16} In support of his first assignment of error, appellant argues that the trial court abused its discretion in imposing a prison sentence when he was amenable to community control. Appellant contends that because there was no presumption of prison

6.

for a third-degree felony conviction under R.C. 2903.06, the trial court was required to consider whether appellant was amenable to community control. Specifically, appellant claims that the trial court failed to consider mitigating factors, such as his sobriety since the accident, compliance with pretrial monitoring, his employment, and his family relationships, in determining he was not amenable to community control.

{¶ 17} We do not review a felony sentence for an abuse of discretion. R.C. 2953.08(G)(2). *See also State v. Glover*, 2024-Ohio-5195, ¶ 44. Further, "R.C. 2953.08(G)(2) does not permit an 'appellate court to independently weigh the evidence in the record and substitute its judgment for that of the trial court concerning the sentence that best reflects compliance with R.C. 2929.11 and 2929.12.' " *State v. Bowles*, 2021-Ohio-4401, ¶ 7 (6th Dist.), quoting *State v. Jones*, 2020-Ohio-6729, ¶ 42. Here, appellant's argument in support of his first assignment of error does not present an issue subject to appellate review because a court's consideration of mitigating factors in imposing a prison sentence rather than community control falls under R.C. 2929.11 or 2929.12. *State v. Montez*, 2022-Ohio-640, ¶ 5, 14 (6th Dist.) (holding that the appellant's argument that the trial court erred in failing to consider mitigating factors when imposing a prison sentence rather than community control was not reviewable). Because we cannot review the trial court's findings and weighing of the factors under R.C. 2929.11 and R.C. 2929.12, his first assignment of error may be summarily denied. *Bowles* at ¶ 8, 10, citing *State v. Toles*, 2021-Ohio-3531, ¶ 1.

7.

{¶ 18} Accordingly, appellant's first assignment of error is not well-taken.

## B. Second Assignment of Error

{¶ 19} In support of his second assignment of error, appellant argues that R.C. 2929.14(A)(3)(a), the basis for his 60-month sentence, is unconstitutionally vague. He argues that when the defense attorney, prosecutor, and the judge agree that the subsection is poorly written, the subsection must be construed as constitutionally vague. The record clearly demonstrates that although appellant contended that the statute was poorly written in the trial court, he did not argue or suggest that the statute's wording made it unconstitutional at that time. Instead, he raises this argument for the first time on appeal.

{¶ 20} "Failure to raise at the trial court level the issue of the constitutionality of a statute or its application, which issue is apparent at the time of trial, constitutes a waiver of such issue and a deviation from this state's orderly procedure, and therefore need not be heard for the first time on appeal." *State v. Awan*, 22 Ohio St.3d 120 (1986), paragraph one of syllabus. While an appellate court may exercise its discretion to consider whether a constitutional issue resulted in plain error, we will not do so if the parties have failed to address whether the plain error doctrine applies. *Wakeman v. Smith*, 2024-Ohio-1067, ¶ 11-13 (6th Dist.). Because appellant failed to raise any arguments regarding the constitutionality of R.C. 2929.14(A)(3)(a) in the trial court, he waived the issue on appeal.

{¶ 21} Accordingly, appellant's second assignment of error is not well-taken.

8.

## V. Conclusion

**{¶ 22}** Appellant's assignments of error are overruled. We affirm the April 9, 2024 judgment of the Wood County Court of Common Pleas. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Thomas J. Osowik, J.      _____
                                              JUDGE

Gene A. Zmuda, J.

_____
Charles E. Sulek, P.J.                      JUDGE
CONCUR.

_____
                                              JUDGE

This decision is subject to further editing by the Supreme Court of
Ohio's Reporter of Decisions. Parties interested in viewing the final reported
version are advised to visit the Ohio Supreme Court's web site at:
http://www.supremecourt.ohio.gov/ROD/docs/.