[Cite as *State v. Dukett*, 2025-Ohio-4350.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

State of Ohio

   Appellee

v.

Steven Dukett

   Appellant

Court of Appeals No.  L-24-1278

Trial Court No.  CR 24 1988

**DECISION AND JUDGMENT**

Decided: September 16, 2025

* * * * *

Julia R. Bates, Lucas County Prosecuting Attorney, and,
Randy L. Meyer, Assistant Prosecuting Attorney, for appellee.

Samuel E. Gold, for appellant.

* * * * *

**DUHART, J.**

{¶ 1} Appellant, Steven C. Dukett, appeals from a judgment of sentence entered by the Lucas County Court of Common Pleas following his plea of guilty to the offenses of aggravated vehicular homicide and operating a vehicle while under the influence ("OVI"). For the reasons that follow, the trial court's judgment is affirmed.

**Statement of the Case and the Facts**

{¶ 2} On July 16, 2024, Dukett was indicted by the Lucas County grand jury on one count of aggravated vehicular homicide in violation of R.C. 2903.06(A)(1)(a) and (B), a second-degree felony (count 1); one count of aggravated vehicular homicide in

violation of R.C. 2903.06(A)(2)(a) and (B), a third-degree felony (count 2); one count of operating a vehicle while under the influence of a listed controlled substance or a listed metabolite of a controlled substance in violation of R.C. 4511.19(A)(1)(j)(ii) and (G)(1)(a), a first-degree misdemeanor (count 3); and one count of operating a vehicle while under the influence of alcohol, a drug of abuse, or a combination of them in violation of R.C. 4511.19(A)(1)(a) and (G)(1)(a)(i), a first-degree misdemeanor (count 4).

{¶ 3} The charges stemmed from a single motor vehicle crash that occurred on September 1, 2023, at the intersection of Laskey Road and Bennett Road in Toledo, Lucas County. When the crash occurred, Dukett was heading northbound on Bennett. He stopped his vehicle at the stop bar south of the railroad tracks and then proceeded forward through a red light, across the tracks, and into the intersection, where his vehicle collided with a pickup truck driven by the victim. After the crash, Dukett left the scene and went to the hospital, where he tested positive for cocaine and marijuana metabolite. The victim died six days later.

{¶ 4} Dukett was arraigned on July 31, 2024. Bond was set at "Supervised OR with Electronic Monitoring with house lockdown and urinalysis."

{¶ 5} At a pretrial held on August 21, 2024, the trial court granted Dukett's request to modify his bond from electronically-monitored lockdown to electronically-monitored house arrest.

{¶ 6} On September 16, 2024, Dukett withdrew his plea of not guilty and pled guilty to count 2, aggravated vehicular homicide, a felony of the third degree, and count 2.

3, operating a vehicle while under the influence of a listed controlled substance or a listed metabolite of a controlled substance, a misdemeanor of the first degree. The State agreed to request a nolle prosequi of counts 1 and 4 at the time of sentencing. The trial court accepted the guilty pleas, found Dukett guilty, ordered a presentence investigation report ("PSI"), continued bond, and scheduled sentencing for October 23, 2024.

{¶ 7} On September 25, 2024, the trial court held a bond hearing because it was notified that Dukett's urine screens had tested positive for both THC and cocaine. Dukett attempted to explain the positive cocaine test results, stating "I was around somebody that was smoking. And they told me I wouldn't catch a dirty urine. They're no longer my friends for lying to me." The trial court noted that "[t]his is the third time there's been a cocaine positive." The trial court revoked Dukett's bond and remanded him into custody. In addition, the trial court ordered that Dukett be screened for Correctional Treatment Facility ("CTF") placement pending sentencing.

{¶ 8} At the October 23, 2024 sentencing hearing, Dukett requested "community control with the CTF component and/or drug court." The victim's father, on the other hand, requested that Dukett receive "the maximum amount of time in prison."

{¶ 9} A review of the PSI shows that Dukett's adult criminal history dates back to 1980 and includes 8 felony and 9 misdemeanor convictions, including convictions for theft, assault, kidnapping, and abuse of a corpse. The PSI further indicates that Dukett had previously been incarcerated in both Ohio and Michigan, and that although he claimed he no longer wanted to drive, he had recently been charged in the Toledo

3.

Municipal Court for driving without a license. Along with the charge for driving without a license, he was also charged with failure to comply..

{¶ 10} The trial court observed that Dukett was on community control when he caused the crash, and that the current felony offense was Dukett's "twelfth lifetime felony." Defense counsel noted that although cocaine and marijuana metabolite was found in Dukett's system, Dukett denied having consumed either of those substances on the day of the accident.

{¶ 11} Prior to imposing sentence, the trial court recounted what it had considered, stating:

> I have considered the record, the statements I heard especially from Mr. [J.H.], but also considered the letter I received from Ms. [B], defendant's wife, as together with all of the information contained in the pre-sentence investigation and as well as the overriding purposes and principles of sentencing under 2929.11 of the code and the seriousness, recidivism and other factors under 2929.12.

{¶ 12} The trial court concluded:

> Twelve lifetime felonies, drug use while you're on pre-trial with me, failure to comply just a couple months ago. I can't see a reason not to give you the max, so that's what I'm going to give you, 36 months of prison, 180 days concurrent on the OVI.

In addition, the trial court informed Dukett that he was subject to mandatory post-release control for a period of one to three years. This appeal followed.

**Assignments of Error**

{¶ 13} On appeal, Dukett asserts the following assignment of error:

4.

I.   The Trial Court abused its discretion by imposing a maximum sentence for a total term of 36 months incarceration, when that sentence is contrary to law.

**Law and Analysis**

{¶ 14} Dukett argues in support of his sole assignment of error that the trial court abused its discretion in imposing a maximum prison sentence, "as this sentence was contrary to law." Specifically, Dukett argues that the sentence imposed was contrary to law because in sentencing him to prison, the trial court "improperly weighed" his "admittedly extensive, but largely unrelated criminal record" against various mitigating factors, such as the fact that he "accepted responsibility" and "did not make excuses to minimize his conduct."

{¶ 15} Our standard of review is set forth in *State v. Fowler*, 2022-Ohio-3499, ¶ 13 (6th Dist.), citing R.C. 2953.02(G)(2)(a)-(b):

> We review challenges to felony sentencing under R.C. 2953.08(G)(2), which allows us to increase, reduce, or modify a sentence, or vacate the sentence and remand the case for resentencing, only if we clearly and convincingly find either (1) that the record does not support the trial court's findings under certain statutory sections [that are not applicable here,] or (2) 'the sentence is otherwise contrary to law.'

"The appellate court's standard for review is not whether the sentencing court abused its discretion." R.C. 2953.08(G)(2); *see also State v. Rivera*, 2025-Ohio-314, ¶ 17 (6th Dist.) ("We do not review a felony sentence for an abuse of discretion."). In addition, "R.C. 2953.08(G)(2) does not permit an 'appellate court to independently weigh the evidence in the record and substitute its judgment for that of the trial court concerning the sentence

5.

that best reflects compliance with R.C. 2929.11 and 2929.12.'" *State v. Bowles*, 2021-Ohio-4401, ¶ 7 (6th Dist.), quoting *State v. Jones*, 2020-Ohio-6729, ¶ 42.

## A. Dukett's sentence was not contrary to law, because the trial court considered the factors under R.C. 2929.11 and R.C. 2929.12, properly applied postrelease control, and imposed a sentence within the statutory range.

{¶ 16} We have repeatedly recognized the general rule that "[a] sentence is not clearly and convincingly contrary to law where the trial court has considered the purposes and principles of sentencing under R.C. 2929.11 and the seriousness and recidivism factors under R.C. 2929.12, properly applied postrelease control, and imposed a sentence within the statutory range." *State v. Gipson*, 2022-Ohio-2069, ¶ 25 (6th Dist.), citing *State v. Tammerine*, 2014-Ohio-425, ¶ 15-16 (6th Dist.); and *State v. Kalish*, 2008-Ohio-4912.

{¶ 17} Here, it is uncontroverted that the trial court considered the purposes and principles of sentencing under R.C. 2929.11 and the seriousness and recidivism factors under R.C. 2929.12, properly applied postrelease control, and imposed a 36-month sentence, which is a sentence within the statutory range set out in R.C. 2929.14(A)(3)(b). *See* R.C. 2929.14(A)(3)(b) ("For a felony of the third degree that is not an offense for which division (A)(3)(a) of this section applies, the prison term shall be a definite term of nine, twelve, eighteen, twenty-four, thirty, or thirty-six months.").

{¶ 18} Dukett's argument that the trial court "improperly weighed" his "admittedly extensive, but largely unrelated criminal record" against various mitigating factors does not present an issue subject to our review, "because a court's consideration of mitigating factors in imposing a prison sentence…falls under R.C. 2929.11 or

6.

2929.12." *Rivera* at ¶ 17, citing *State v. Montez*, 2022-Ohio-640, ¶ 5, 14 (6th Dist.). Because we cannot review the trial court's findings and weighing of the factors under R.C. 2929.11 and R.C. 2929.12, Dukett's assignment of error may be summarily denied. *Rivera* at ¶ 17, citing *Bowles* at ¶ 8, 10, citing *State v. Toles*, 2021-Ohio-3531, ¶ 1.

**B. Dukett's sentence was not otherwise contrary to law.**

{¶ 19} Dukett relies in error on *Fowler* for the proposition that his sentence was "contrary to law" because it was "improperly imposed based on impermissible considerations." *Fowler*, 2022-Ohio-3499, at ¶ 13 (6th Dist.), quoting *State v. Bryant*, 2022-Ohio-1878, ¶ 22. In *Fowler*, the defendant's sentence was deemed "contrary to law" because the trial court had unlawfully relied on information from a source outside of those authorized by R.C. 2929.19(B)(1)(a) -- namely certain statements made by the trial judge's wife regarding the defendant's motorcycle.

{¶ 20} R.C. 2929.19(B)(1)(a) requires a court to consider the record in the case, any presentence investigation report, any victim impact statement, and "any information presented at the hearing by any person…." On the other hand, "[a] sentencing court may only consider information that is properly before it at the sentencing hearing and cannot consider information from outside the record." *Fowler* at ¶ 15, citing *State v. McManus*, 2015-Ohio-2393, ¶ 31 (8th Dist.). (Additional citations omitted.)

{¶ 21} Here, it is undisputed that trial court considered nothing outside of the record and nothing outside the parameters of R.C. 2929.19(B)(1)(a). Nor is there any dispute that the PSI, which the trial court was statutorily required to consider, contained Dukett's extensive criminal history. Again, Dukett's only complaint is that his criminal

7.

history was given too much weight relative to mitigating factors. As indicated above, this argument is without merit and, therefore, may be summarily denied. *Rivera*, 2025-Ohio-314, at ¶ 17 (6th Dist.), citing *Bowles*, 2021-Ohio-4401, at ¶ 8, 10 (6th Dist.), citing *Toles*, 2021-Ohio-3531, ¶ 1.

{¶ 22} Dukett's assignment of error is found not well-taken.

## Conclusion

{¶ 23} The judgment of the Lucas County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of appeal pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See also 6th Dist.Loc.App.R. 4.

Christine E. Mayle, J.
_____
JUDGE

Gene A. Zmuda, J.
_____
JUDGE

Myron C. Duhart, J.
CONCUR.
_____
JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.